CAIRO BANKING COMPANY *v.* PONDER, tax-collector, *et al.*

1. In view of the legislative intent as gathered from the entire act of 1905 (Acts 1905, p. 425), and the amending act of 1906 (Acts 1906, p. 61), and of the language used in the amending portion of the latter act, the word "now" as contained in the second line of the fourth section, in reciting the entire act as amended, was evidently a clerical error, and should read "not."
2. Where an election was held on June 18, 1907, adopting the law for taxation for school districts under the provisions of the act of 1906, p. 61, and the complaining parties had previously made their tax returns for State and county purposes, but it was not shown that a tax had been levied by the county authorities prior to the time of the election, or that the day for so doing had arrived, it was not illegal for the district school tax to be levied and collected for that year.
3. On the contention that railroad property had been omitted and not assessed for taxation, and that thereby the rate assessed against the property of the plaintiffs was increased, under the denial made in the sworn answer and the evidence introduced in support thereof there was no abuse of discretion in refusing the injunction.

Submitted July 24,—Decided December 19, 1908.

Petition for injunction. Before Judge Spence. Grady superior court. June 8, 1908.

The Cairo Banking Company filed its equitable petition to enjoin the tax-collector and sheriff of Grady county from proceeding to collect a tax execution issued against it for a local district school tax. The county of Grady was divided into school districts, and a local election was held in the Cairo district, which resulted in favor of taxation for school purposes. The election was held on June 18, 1907, and the result was declared on the following day. It was alleged that the election so held was void, for the reason that section 4 of the act of 1906 (Acts 1906, p. 69), under which the election was held, was not applicable in the Cairo school district; that the said act was applicable only to such counties and districts as were then taxing for school purposes, and did not apply to districts wherein no local school tax was being levied, and that as a matter of fact the said Cairo school district was not, at the time of said election, taxing any property, nor was the county of Grady taxing any property therein for school purposes. It was further alleged that even if the act above referred to was applicable to Grady county and the Cairo school district therein, the act could not apply to the tax returns for the year 1907, because the

election required by the act in order to render its provisions applicable was held on the 18th day of June, 1907, which was long after the day fixed by law for the making of tax returns for the year 1907, and after the tax returns had been actually made. It was further alleged that by virtue of the act of 1906 and the election of June 18, 1907, held thereunder, the local school district trustees compiled the property of the Cairo school district into a digest, omitting all railroad property from the digest, thereby relieving all railroad property from taxation, and making the assessment against petitioner's property at a higher rate than was equitable and just in the operation of said school district. The answer denied that the property of the railroad company was omitted, but alleged that the property of the district was compiled as required by law, and that the railroad property was not omitted from taxation, but was included and considered in making up the rate, and was taxed at the same rate as that assessed against the property of the plaintiff. On the hearing the defendants introduced evidence in support of their answer, though it appeared from one affidavit that on the digest was entered the name of the Atlantic Coast Line Railroad Company, but that no amount of tax returns for it was stated on the school digest. The injunction was denied, and the plaintiff excepted.

*R. R. Terrell*, for plaintiff.　　*Theodore Titus*, for defendants.

ATKINSON, J. 1. The first point of contention relates to a construction to be placed on certain parts of the act approved August 21, 1906 (Acts 1906, p. 61). On page 69 it is said "that whenever the citizens of any school district in a county now levying a local tax for educational purposes wish to supplement the funds received from the State public school fund by levying a tax for educational purposes," they may present a petition and have an election called for that purpose. The court construed the word "now" as it appears in the excerpt above quoted to be a clerical error, used where the word "not" was intended to have been employed, and the plaintiff insisted that such construction was unauthorized, and contended that inasmuch as at the time of the passage of the act no local tax was being levied in the county of Grady for local school purposes, the provisions of the act were not applicable to that county, and the election held thereunder in the Cairo district was void. This is a grave legal question resting upon a misapplica-

tion of a single letter of the alphabet. In the particular portion of the act of 1906 above quoted, the word is written "now." In other portions it is written "not." If this was a mere clerical or typographical error, the Cairo district had authority to hold a school election. If it was a deliberate legislative change, there was no such authority. This court has already intimated that, considering the entire act, the use of the word "now" instead of "not" was a mere clerical error. *Edalgo* v. *Southern Ry. Co.,* 129 *Ga.* 258, 267 (58 S. E. 846). What we then intimated we now hold, and we will state the reason for so doing. The original act touching the holding of local elections for school purposes was approved August 23, 1905 (Acts 1905, p. 425). The 3d section of that act had reference to elections in school districts. It declared that "whenever the citizens of any school district, in a county not levying a local tax for educational purposes," etc. Here the word employed was "not." That section and the following one were held unconstitutional and inoperative, because in their original form they only provided for levying an ad valorem tax upon the property of those taxpayers who were required by law to make return of their property to the county tax-receiver, and not upon the property of any other class of taxpayers, such as railroad companies, who were required to make returns to the comptroller-general. *Brown* v. *Southern Ry. Co.,* 125 *Ga.* 772 (54 S. E. 729). After this decision the act of 1906 was passed, in part for the correction of the defect thus declared to exist in the act of 1905. On the subject of section 3 of that act above quoted in part, the act of 1906 declared "that said act shall be also amended by striking out section 3 and substituting the following, to be numbered section 4: 'Sec. 4. Be it further enacted, that whenever the citizens of any school district in a county not levying a local tax for educational purposes,'" etc. Here the word used was "not," and the whole text shows that it was not the purpose of the legislature to change the section in that portion of it, but only to so modify it as to render it operative. In the act of 1906, after stating the changes and limitations which were to be made in the act of 1905, the entire act as amended was set out. In this recital of the act, for the first time the word "not" appears to have been changed to "now."

We recognize the rule that where two acts of the legislature are inconsistent, the last passed contains the controlling expression of

the legislative intent; and also the application of this doctrine to a single act where certain proposed amendments are first recited, and then it is declared that the law as amended shall be as follows, but in the statement of what the law shall be the act omits a portion of one of the amendments recited in the beginning. This was ruled in *Gilbert* v. *Ga. R. Co.,* 104 *Ga.* 412 (30 S. E. 673); and see *Lamar* v. *Allen,* 108 *Ga.* 158, 164 (33 S. E. 958). This rule is one the design of which is to arrive at the legislative intent as to what the law shall be. It is not an arbitrary rule under which it must be held without variance or shadow of turning that the legislature intended to make a typographical or clerical error, the result of which would be to make nonsense of the section of the act, and not to carry out the legislative scheme but to destroy it, where it could be ascertained from the act itself what was the letter evidently intended to be used. If it should be held that the legislature intended to change the word "not" into the word "now" by the employment of the latter word in reciting the entire amended act, what would be the result? It would have excluded from the beneficent effects which it was intended to confer all school districts in the State, except those whose taxpayers had already been taxed by the county for school purposes by levying a local tax. Certainly it was not the purpose of the legislature so to change the whole scheme of the law in regard to school districts and the authorization of local elections for educational purposes in them as to say that no district should have the right to determine the question of local taxation by holding an election, unless at the time of the passage of the act the county in which the district was located had already held an election and levied a local school tax. In view of the entire scope and purpose of the act of 1905 and the amending act of 1906, it is clear that the legislature did not intend any such result, and that the word "now," as used in paragraph 4 of the latter act, instead of the word "not," was a mere clerical error. The 4th section of the act of 1906 has since been amended by the act of 1907 (Acts 1907, p. 101), but this amendment was passed after the election was held which forms the basis of the present litigation.

2. It is contended that because the day fixed for beginning to make tax returns was the first of April, while the election was held in the Cairo district on June 18th and the taxes for that year had

been returned before the election, therefore the school tax could not apply for the year 1907. The merit in this position is not apparent. The act of 1905 as amended by that of 1906 does not require any special returns to be made to the school board for the purpose of the levy of the school tax. Under those acts the taxpayer makes his returns just as he always did to the tax-receiver of the county, except in those instances where returns are made to the comptroller-general. The secretary of the board of trustees of the district, with the aid of the county school commissioner of the county, is required to ascertain from the tax returns made to the tax receiver and from those made to the comptroller-general the total value of all the property subject to taxation for county purposes in the school district which has adopted the system of local taxation. From these he makes up a digest, and on that basis the tax is assessed. Acts 1906, pp. 69-70. He could not ascertain these facts from the tax-receiver's digest until there was one, or from the returns made to the comptroller-general until there were such returns. Essentially there must be records already made in the office of the tax-receiver, and that of the comptroller-general, before he can ascertain facts from them. After making this school district digest, "at or before the time of fixing the rate of taxation for said county the secretary of each local board of trustees, with the aid of the county school commissioner, shall levy such rate on the property thus found as will raise the total amount to be collected;" not exceeding one half of one per cent. The fact that the plaintiffs had already made their tax returns to the tax-receiver as provided by law was no more than their duty required that they should do, whether to meet the ordinary burdens of taxation or to bring about the condition furnishing a basis for the levy of a local school tax. It is not to be presumed that the plaintiffs would have made different returns under oath if they had anticipated the result of the election in the Cairo district. This is not the case of the passage by the legislature of a retroactive law, nor does it fall within the rule that legislative enactments will generally be presumed as intended to have a prospective effect. The act of the legislature had already been passed authorizing an election in the school district to be held at any time upon proper petition.

3. The plaintiffs alleged that the local school district trustees compiled the property of the Cairo school district into a digest,

omitting all railroad property therefrom, that a railroad traversed the district, and that thereby all such railroad property was relieved from taxation, thus making the assessment against the plaintiffs' property at a higher rate than was equitable and just. The sworn answer denied that the property of the railroad company was omitted, but alleged that the property of the district was compiled as required by law, and that the railroad property was not omitted from taxation but was included and considered in making up the rate, and was taxed at the same rate as that assessed against the property of the plaintiffs. Evidence was introduced in support of the answer, tending to show that the property of the railroad company was not relieved from taxation, but was included in the assessment, and that the rate on the plaintiffs' property was not increased as they claimed. There was no abuse of discretion on the part of the presiding judge in ruling this question of fact in favor of the defendants, and in denying the injunction.

*Judgment affirmed. All the Justices concur.*