STATE v. ELIZABETH BURNETT.

(Filed 28 February, 1917.)

1. **Appeal and Error—Interlocutory Orders—Inferior Courts—Jurisdiction—Statutes.**

An order of the Superior Court requiring the defendant to answer over to an indictment, transferred to it by an inferior court, on the ground that the latter court could only have final jurisdiction under a statute creating it, is interlocutory, from which an appeal does not immediately lie to the Supreme Court.

2. **Courts—Jurisdiction—Statutes—Discretionary—Transfer of Causes.**

Where a statute creating a county court gives it "final original" jurisdiction over certain criminal offenses, and also authority to transfer the trial of them to the Superior Court when the trial judge deems it proper that a particular case should be tried there, the act should be construed as a whole, and, so construed, it is *Held,* that the authority of the trial judge to transfer the particular cause is not in conflict with the other part of the act, and in such instances the Superior Court thereby acquires jurisdiction. As to the validity of a transfer of a case from the Superior Court to the county court under authority of the same statute, *quære.*

INDICTMENT tried before *Stacy, J.,* at November Term, 1916, of WAYNE.

The defendant was charged in the "county court of Wayne County" with the crime of keeping a bawdy house. The county court was created by Public-Local Laws 1913, ch. 697, and by section 4 is given "final original" jurisdiction of all misdemeanors committed in the county," "to wit: of all crimes the jurisdiction of which is now or may hereafter be given to justices of the peace," and, in addition thereto, of the offenses specially named, and among them that of keeping a bawdy house; and at the end of section 4 it is provided as follows: "All offenses enumerated above are hereby declared to be petty misdemeanors; and all crimes which under the common law are misdemeanors, wherein the punishment is in the discretion of the court, are hereby declared by this act to be petty misdemeanors, and final, exclusive, original jurisdiction thereof is hereby given to the said county court of Wayne County." Section 3 of the act provides that "the judge of said court shall have power to trasfer causes, civil and criminal, pending therein to the Superior Court of Wayne County for trial, and the judge of the Superior Court shall have like power to transfer to said county court for trial criminal and civil actions pending in the Superior Court that are within the jurisdiction of the county court." When this case was called for trial in the county court the judge of said court transferred it to the Superior Court without the consent of the defendant and notwithstanding her objection thereto. In the Superior Court the defendant moved to quash the indictment upon the ground that the Superior Court had no jurisdiction of the offense, the county court having original, exclusive, and final jurisdiction of the same. The motion was overruled. Defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*
*Langston, Allen & Taylor for defendant.*

WALKER, J., after stating the case: An appeal does not lie in this case, the judgment of the Superior Court being interlocutory and requiring the defendant to answer over to the indictment (*respondeat ouster*). It has been so held from the earliest period. *S. v. Robinson,* 8 N. C., 188; *S. v. McDowell,* 84 N. C., 799; *S. v. Pollard,* 83 N. C., 597; *S. v. Bailey,* 65 N. C., 426; *S. v. Webb,* 155 N. C., 426. But we will consider the question raised by the exception as if it were properly before us, but merely for the purpose of deciding it as being important to the due administration of the law in the courts of the county and as we were specially requested by counsel to do so.

We are of the opinion that the ruling of Judge Stacy was correct. By the Public-Local Laws of 1913, ch. 697, the jurisdiction to hear and determine criminal causes is given to the county court, subject to the provision of section 3 for a transfer of any case to the Superior Court when the presiding judge deems it proper that the particular case should be tried in the latter court. The clauses with reference to the "final original" and the "original, exclusive, and final" jurisdiction of the court as used in section 4 of the statute are to be read in connection with the latter part of section 3 in regard to the transfer of cases from one court to the other. In other words, the Legislature simply created the county court and conferred jurisdiction upon it of certain criminal offenses, and this jurisdiction was made "original, exclusive, and final," unless the county court, in its sound discretion, should deem it expedient that any particular case should be sent to. the Superior Court for trial. This was intended to be, and is, a qualification of the broad jurisdiction given by the words of the statute above quoted. Under the statute permitting the removal of a case pending in the Superior Court of one county to that of another county, the county in which the suit was first brought may well be said to have original, exclusive, and final jurisdiction of any case removed by it; but this only means if it retains the case for trial to its end, and if it is removed its exclusive and final jurisdiction passes to the other court. This power of transfer was given in order to promote the more convenient and expeditious trial of criminal cases in the courts of the county of Wayne. If this cause had originated in the Superior Court and that court had, on proper objection to its jurisdiction, proceeded to try the case to final judgment against the defendant, a serious question might be presented which is not now before us, and the decision of which we need not anticipate. Nor is it necessary for us to say whether the county court had exclusive jurisdiction of this offense, for if it had jurisdction at all, the power to transfer the cause to the Superior Court was vested in that court, and the Superior Court acquired jurisdiction by virtue of the transfer.

It is obvious from what we have said that S. v. Collins, 151 N. C., 648, has no application to this case. There was no such clause respecting transfers in the statute construed in that decision. The rules for ascertaining the meaning of the Legislature are well settled. "The object of all interpretation and construction of statutes is to ascertain the meaning and intention of the Legislature, to the end that the same may be enforced. This meaning and intention must be sought, first of all, in the language of the statute itself, for it must be presumed that the means employed by the Legislature to express its will are adequate for the purpose, and do express that will correctly." S. v. Barco, 150

N. C., 796. "There can be no doubt about the intention of the Legislature, and it is the duty of the Court to so construe the act as to effectuate that intention. And in construing it, every part should be viewed in connection with the whole, so as to make its parts harmonize, if practicable, and give a sensible, intelligent effect to each. It is not to be presumed that the Legislature intended any part of a statute to be without meaning." *Tabor v. Ward,* 83 N. C., 293.

We must examine the statute as a whole. It cannot be supposed, when we do so, that the Legislature intended by the last words of section 4 to repeal the provision, so carefully framed and made an essential part of the legislation by section 3, especially when the two provisions can be so easily reconciled, and we are required to harmonize them if it can be done.

There was no error in the judgment of the court, but for the reasons stated, the appeal is dismissed.

Appeal dismissed.