## J. P. LEONARD v. J. P. DAVIS AND Z. B. DAVIS.

(Filed 26 March, 1924.)

### 1. Appeal and Error—Objections and Exceptions—Rules of Court.

The rules prescribed for the presentation of exceptions on appeal will be uniformly enforced, and a general exception that competent and relevant evidence had erroneously been excluded, with broad references to pages of the record, will not be considered.

### 2. Evidence—Corroboration—Witnesses—Impeachment.

Where plaintiff, a witness in his own behalf, on cross-examination, is sought to be impeached by the question if, during a certain period, he had

not left the State as a fugitive from justice, it is competent for him, in corroboration of his testimony, to introduce his certificate of honorable discharge from the army after serving in the World War for that period.

**3. Same—Appeal and Error—Motions to Strike Out—Objections and Exceptions.**

Where the evidence introduced upon the trial is competent in corroboration only, the objecting party must aptly request its restriction to that purpose, and he may not otherwise successfully sustain his exception to its competency as substantive evidence.

APPEAL by defendants from *Calvert, J.,* at November Term, 1923, of FRANKLIN.

Civil action in ejectment tried upon the following issues:

"1. Is the plaintiff the owner and entitled to the possession of the land described in the complaint? Answer: Yes.

"2. Do the defendants wrongfully withhold the same from his possession? Answer: Yes.

"3. What is the annual rental value of said land? Answer: $35."

Judgment on the verdict for plaintiff. Defendants appeal, assigning errors.

*W. M. Person and Wm. H. and Thos. W. Ruffin for plaintiff.*
*W. H. Yarborough, Ben T. Holden, Edward F. Griffin, and Wm. Y. Bickett for defendants.*

STACY, J. The third assignment of error is as follows: "This objection is based upon the court's refusal to admit evidence competent and relevant to the suit (R., p. 17)." And there are several other assignments of error of exactly the same tenor. We are precluded from considering these exceptions as they do not comply with the rules of practice prescribed for the presentation of exceptions on appeal. *Byrd v. Southerland,* 186 N. C., 384. Rules are of no value unless they are to be observed uniformly and without exception, in the absence of some valid reason therefor. *Lee v. Baird,* 146 N. C., 361.

On the cross-examination of plaintiff, who was a witness in his own behalf, defendants sought to impeach his testimony by showing that he had left the State in 1914, as a fugitive from justice; and for this reason he had only recently returned to Franklin County. Plaintiff contended that he had never left the State permanently, but had been in the army continuously since 1914, and that when he was discharged in 1920 he was given transportation to his home in North Carolina. In corroboration of this testimony, plaintiff was allowed to offer in evidence, over objection of defendants, his certificate showing an honorable discharge from the army. The first reference to the certificate of

discharge was made by defendants in their cross-examination, and it was not introduced in evidence until after the plaintiff,had been charged with being a fugitive from justice. It showed the date of his enlistment, place of his residence, and other incidents of his continuous service until his honorable discharge, and concluded with the statement that he was entitled to transportation to his home in North Carolina. For these purposes of corroboration it was clearly competent; and if defendants wished to have its introduction thus restricted they should have asked for it at the time of its admission. Rule 21, 185 N. C., 795. *Nance v. Tel. Co.,* 177 N. C., 315; *S. v. McGlammery,* 173 N. C., 750.

The case of *Stanley v. Lumber Co.,* 184 N. C., 302, is clearly distinguishable from the one at bar. There the plaintiff undertook to show by his certificate of discharge, in an action to recover damages for a personal injury, that he was in good physical condition when released from the army. These statements were made and certified by third parties, not witnesses at the trial, and were offered as substantive evidence.

The record presents no reversible error, and the judgment entered below will be upheld.

No error.