23623. RICE et al. v. COOK, Member of Board of Education of City of Atlanta et al.

23602. SHOWS, Member of DeKalb County Board of Education et al. v. COOK, Member of Board of Education of City of Atlanta et al.

23606. WEST, Superintendent of Schools of Fulton County et al. v. COOK, Member of Board of Education of City of Atlanta et al.

ARGUED JULY 14, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

501

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Harold N. Hill, Jr., Assistant Attorneys General,* for appellants (Case No. 23623).

*A. C. Latimer, J. Lee Perry, James P. Groton, Clay C. Long, Murphy Candler, Jr.,* for appellees.

*Murphy Candler, Jr.,* for appellants (Case No. 23602).

*A. C. Latimer; J. Lee Perry, James P. Groton, Clay C. Long, Alfred L. Evans, Jr., Assistant Attorney General,* for appellees.

*Sutherland, Asbill & Brennan, James P. Groton, Clay C. Long,* for appellants (Case No. 23606).

*A. C. Latimer, J. Lee Perry, Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General, Murphy Candler, Jr.,* for appellees.

DUCKWORTH, Chief Justice. ■ Notwithstanding the voluminous amended petition and the demurrers thereto, there is but one simple question presented for decision. That question is: Should appellees have the Atlanta school system's responsibility for local funds (*Code Ann.* § 32-622 (B) (1); Ga. L. 1964, pp. 3, 20) determined as they contend by the language first appearing in *Code Ann.* § 32-622 (B) (1), which is as follows: "In those counties of the State which have more than one school system within the county, the amount of local funds to be put up by the several *local units of administration* within the county in support of the cost of providing a minimum foundation program of education in the public schools of the *local unit of administration* shall be determined by multiplying the per cent that the equalized adjusted school property tax digest of the respective *local unit of administration* is of the total equalized

adjusted school property tax digest of all *local units of adminis-tration* in the county by the amount of local funds to be raised by or within the county in support of the cost of providing a minimum foundation program of education in the public schools of the county" without reference to another proviso applying to independent school systems within a county? Under *Code Ann.* § 32-606 (Ga. L. 1964, pp. 3, 8) the several county, independent, and area public school systems of this state, as now or hereafter established, pursuant to provisions of law, shall be *local units of school administration* for the purpose of the minimum foundation program. This would include all units, including independent systems, but the legislature, which created the majority of these separate systems by statute, by the proviso, specifically and explicitly, lifted these independent systems out of its meaning and applied a special rule to them as contained in this proviso. That proviso is as follows: "Provided, however, that the equalized adjusted school property tax digest of each *independent school system* located within a county shall be calculated on the basis of 133 1/3 per cent of the county equalized adjusted school property tax digest of all property located within the territory of the *independent school system.*" (Emphasis supplied.) We have emphasized the words "independent school system" to direct attention to the vital difference in these words and the words "local units of administration" found in the first quoted portion of the law. It is plain that the proviso was intended to apply to independent school systems, hence to the the Atlanta system. This proviso is law and can not be ignored as the trial judge did in his order. The school authorities correctly used this proviso as a basis for determining the amount of local money the Atlanta school system must raise.

■ But counsel for the appellees contend that since the proviso expressly applies to independent school systems located in a single county, it is thus inapplicable to the Atlanta school system which lies in parts of both Fulton and DeKalb Counties. We reject this contention for two reasons, to wit: (1) the singular includes the plural (*Code Ann.* § 102-102 (4)); and (2) if the Atlanta system is not allowed to receive help from the state under this proviso, then the law allows it nothing.

There can be no question but that the money derived from taxing the property located in DeKalb County, added to taxes from the property located in Fulton County constitutes the total local funds supporting the Atlanta School System. And it is this source of revenue that the state considers in making its supplement. Admittedly, the 1964 Act provides complicated procedures for fixing the amounts of local responsibility, but it leaves no doubt but that as to each local school system consideration is given the available means within the district to raise revenue. As to the Atlanta system, all those portions of both DeKalb and Fulton county situated within that school system constitute its economic ability to provide funds. The rule is no different in an independent school system located entirely within a single county, for there likewise the property within it is the basis of its revenue.

One feature of the law stands out and that is that the state seeks to help all schools but requires that they do their best first, and then this is supplemented by the state to secure the minimum. Imperfect though it might be, it is still commendable, and must not be shackled by legalistic theories and hair splitting that ignores the express and implied intent of the law which controls construction. *Bd. of Tax Assessors of Decatur County v. Catledge,* 173 Ga. 656 (160 SE 909); *Carroll v. Ragsdale,* 192 Ga. 118, 120 (15 SE2d 210). Independent school systems constitute one class and uniformity requires that they be treated alike. *Code Ann.* § 2-401 (Const. of 1945); *Stewart v. Anderson,* 140 Ga. 31 (78 SE 457); *Murphy v. West,* 205 Ga. 116 (52 SE2d 600); *Barge v. Camp,* 209 Ga. 38 (70 SE2d 360); *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738).

The court erred in overruling all the demurrers, and the final judgment is a nullity.

*Judgment reversed. All the Justices concur.*