24335. JONES et al. v. CITY OF COLLEGE PARK et al.

ARGUED OCTOBER 10, 1967—DECIDED NOVEMBER 9, 1967.

*Hodges & Oliver, G. Robert Oliver,* for appellants.

*George Glaze,* for appellees.

MOBLEY, Justice. The appeal in the present case by J. Q. Jones and others is from an order vacating a temporary restraining order and denying an interlocutary injunction against the City of College Park and R & M Development Co., Inc. The petitioners (the appellants here) alleged that: R & M Development Co., Inc., together with two named persons, are the owners of described property in Clayton County. After a denial by the zoning authorities of Clayton County of an application by R & M Development Co., Inc., to rezone the property from its existing residential zoning to multiple family zoning (authorizing the construction of apartment units), this corporation petitioned the City of College Park to annex the described property under the provisions of Ga. L. 1962, pp. 119-120 (*Code Ann.* § 69-902), and the City of College Park enacted an ordinance extending its corporate limits to include the property. Thereafter R & M Development Co., Inc., made application to the Mayor & Council of the City of College Park for a rezoning of the property for apartment use. The zoning board for the city recommended to the mayor and council that this application be denied, and the application is now pending before the mayor and council. The annexation of the property by the City of College Park was illegal and void for stated reasons. The petitioners own property adjacent to the property of R & M Development Co., Inc., and will be irreparably injured by a rezoning of the property.

The parties entered into a stipulation of facts in which they stipulated the right of the peitioners to seek the relief sought in their petition and their standing to bring the action, and agreed that the issues raised by the petition as amended were:

"(a) Is the Act of 1962, page 119 (codified as Georgia Code Annotated Section 69-902) constitutional? .

"(b) If said Act of 1962, page 119 is constitutional, does it apply to the City of College Park which is a municipality located partly in Clayton County, Georgia, and partly in Fulton

County, Georgia, in view of the provision in the law that it shall not apply to a municipality located within a county having a population of 100,000 or more persons according to the United States Census of 1960?

"(c) If the court should determine that the Act does apply to the City of College Park, Georgia, was the annexation valid inasmuch as the annexation petition was filed with the City of College Park, when only one of the three property owners signed the application?"

The trial judge in his order dissolving the temporary restraining order and denying the interlocutory injunction held that the Act of 1962 is constitutional, that it applies to the City of College Park, and that the application for annexation signed by R & M Development Co., Inc., and subsequently ratified by the other two property owners, was sufficient.

The Act (Ga. L. 1962, pp. 119-120; *Code Ann.* § 69-902) under which the City of College Park annexed the described property provides in part: "Authority is hereby granted to the governing bodies of the several incorporated municipalities of this State to annex to the existing corporate limits thereof unincorporated areas contiguous to the existing corporate limits at the time of such annexation, upon the written and signed applications of all of the owners of all of the land proposed to be annexed containing a complete description of the lands to be annexed . . . Provided, however, that the provisions of this section shall not apply to any municipality within a county having a population of 100,000 or more persons according to the United States Census of 1960 or any future such census."

The first question we consider is whether this Act is effective as to the City of College Park, a municipality partly within the County of Fulton with a population of more than 100,000, and partly within the County of Clayton with a population of less than 100,000.

The word "within" literally means "on the inside . . . : inside the bounds of a place or region . . . : included in. . . ." Webster's Int. Dict. (3d Ed.) p. 2627. In *Carroll v. Ragsdale,* 192 Ga. 118, 120 (15 SE2d 210), it was held: "But where an ambiguity exists either because of uncertainty in the meaning

of words, conflicts with previous laws, or conflicts between different clauses in the same statute, courts should look beyond the verbiage and discover the intent. While all parts of the statute should be preserved, yet a cardinal rule of construction is that the legislative intent shall be effectuated, even though some verbiage may have to be eliminated. The legislative intent will prevail over the literal import of the words."

The purpose of the 1962 Act was to permit municipalities to annex territory under its terms, with the limitation that municipalities in counties having a population of 100,000 or more would not be permitted to use this method of annexation. It would not be a reasonable construction of the legislative intent to interpret the language used in the Act to mean that this method of annexation could not be used by municipalities lying wholly within a county of large population, but could be used by municipalities lying almost entirely within a county of large population, with some small portion in another county of small population.

In *Rice v. Cook*, 222 Ga. 499 (150 SE2d 822), this court had under consideration the Minimum Foundation Program of Education Act (Ga. L. 1964, pp. 3-49; *Code Ann.* §§ 32-601 to 32-657), and a proviso in *Code Ann.* § 32-622 (B), as follows: "Provided, however, that the equalized adjusted school property tax digest of each independent school system located within a county shall be calculated on the basis of 133⅓ percent of the county equalized adjusted school property tax digest of all property located within the territory of the independent school system." It was held that the proviso applied to the independent school system of Atlanta, which lies in parts of both Fulton and DeKalb Counties, the court holding (in headnote 2): "That the statute refers to independent school systems located within a county does not mean that independent school systems embracing parts of more than one county are not included. The whole purpose of the law would be defeated by such a construction."

The Act under consideration in the present case (Ga. L. 1962, pp. 119-120) purports to be a general law effective as to all municipalities in the state except those excluded in the proviso. The Constitution, Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401) requires

that, "Laws of a general nature shall have uniform operation throughout the State, . . ." "The legislature may make classification for purposes of legislation and pass general laws with reference to such classes. They may classify counties. The basis of classification must have some reasonable relation to the subject matter of the law, and must furnish a legitimate ground of differentiation." *Stewart v. Anderson,* 140 Ga. 31, 33 (78 SE 457). There might be some reasonable basis for classifying municipalities in densely populated counties in a different category from those in sparsely populated counties for the subject matter of the Act, annexing additional territory. However, the basis for classification of municipalities would not be reasonable if the proviso of the 1962 Act should be interpreted to mean that a municipality lying wholly within a county of 100,000 or more persons could not annex territory under the Act, whereas a municipality partly within such densely populated county could annex territory under the Act.

"It is the duty of the court in construing an ambiguous statute to give it a construction, if the language permits, that will sustain the Act, rather than a construction that will render it invalid." *DeWitt v. Richmond County,* 192 Ga. 770, 773 (16 SE2d 579). Since the proviso of the 1962 Act is ambiguous as related to a municipality partly within a county having a population of 100,000 or more persons, we must give it an interpretation consonant with the constitutional requirement that a general law shall have uniform operation throughout the state. *Rice v. Cook,* 222 Ga. 499, supra. We therefore hold that municipalities either wholly or partly within a county having a population of 100,000 or more persons can not annex territory under the provisions of the Act.

The City of College Park had no authority under the 1962 Act to annex the territory described in the petition in the present case, and it was error to dissolve the temporary restraining order and to refuse the interlocutory injunction. This ruling makes a decision on other questions unnecessary.

*Judgment reversed. All the Justices concur.*