MOORE *v.* BELL; *et vice versa.*

Nos. 12408, 12409. SEPTEMBER 15, 1938.

*M. J. Yeomans, attorney-general, W. H. Duckworth,* and *Miles W. Lewis,* for Moore.

*Sam H. Wiley, E. W. Jordan,* and *Frank W. Bell,* contra.

*Hugh Howell,* as amicus curiæ.

ATKINSON, Presiding Justice. In 1935 Miller S. Bell as appointee of the Governor duly confirmed by the Senate was inducted into office as one of the "Regents of the University System of Georgia," in pursuance of sections 45 and 50 of the State government-reorganization act approved August 28, 1931 (Ga. L. 1931, pp. 1, 20), for a term of six years. Bell was in office at the time of the passage of a subsequent act approved February 12, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 203). But his appointment was not re-

submitted to or reconfirmed by the Senate after January 1, 1937, or at the special session of 1937 and 1938. While the status was as thus indicated, the act approved February 12, 1938, was passed. The caption of that act was: "An act to provide for the confirmation by the Senate of appointees of the Governor for public office; and for other purposes." The act contained the provision "that all members of all boards, . . as well as other appointees authorized by law to be made by the Governor, and not submitted to or confirmed by the State Senate since January 1, 1937, or at this special session of 1937-1938, shall . . automatically cease to hold such office, and the same shall be vacant, and it shall be the duty of the Governor to fill such vacancy by appointment and approval as herein provided." In pursuance of this act the Governor appointed Jere N. Moore as successor to Bell. The appointment was duly confirmed by the Senate, and Moore was inducted into office. Bell instituted quo warranto proceedings to oust Moore and recover possession of the office, on the ground that in virtue of his previous appointment duly confirmed by the Senate he was legally entitled to the office, and that the holding of the office by Moore was unauthorized by law. The act of 1938, in pursuance of which Moore received his appointment, was attacked as unconstitutional on various grounds. The respondent filed a general demurrer and an answer. The allegations of the petition as amended and admissions in the answer showed the case substantially as stated above. The judge, trying the case on the pleadings and statement of both sides in open court that no issue of fact was involved, rendered judgment sustaining the right of Bell to the office and ousting the respondent. In rendering the judgment the judge announced his view of the law on several questions raised, certain of them favorable to the petitioner and others favorable to the respondent. The respondent brought a bill of exceptions, and the petitioner brought a cross-bill of exceptions.

■ A controlling question is proper construction of the excerpt from the act approved February 12, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 203), that "all members of all boards, . . as well as other appointees authorized by law to be made by the Governor, and not submitted to or confirmed by the State Senate since January 1, 1937, or at this special session of 1937-1938, shall . . automatically cease to hold such office, and the same shall be va-

cant, and it shall be the duty of the Governor to fill such vacancy by appointment and approval as herein provided." When considered alone or in connection with the title, "An act to provide for the confirmation by the Senate of appointees of the Governor for public office; and for other purposes," the above-quoted language from the act should not be construed as declaring a vacancy in an office held by an officer who had been duly appointed by the Governor and confirmed by the Senate previously to the time stated in the body of the act. In such case there would be no need for confirmation. The language does not import reconfirmation, and the legislature will not be presumed to have intended reconfirmation. The same may be said of the title of the act, "An act to provide for the confirmation by the Senate of appointees of the Governor for public office; and for other purpose," and of the body of the act considered in connection with the title. Where so considered, the act does not apply to an appointment by the Governor that had already been confirmed by the Senate. If more need be said, the principle of construction may be applied that an act of the legislature should not be so construed as to render it unconstitutional, unless the language demands such construction. *Smith* v. *Evans,* 125 *Ga.* 109, 112 (53 S. E. 589); *Griffin* v. *Sanborn,* 127 *Ga.* 17 (4) (56 S. E. 71); *Stewart* v. *Cartwright,* 156 *Ga.* 192, 197 (118 S. E. 859); *Almand* v. *Board of Education,* 161 *Ga.* 911, 915 (131 S. E. 897). The subject of the title of the act is *confirmation* necessary to perfect an appointment made by the Governor, which is different from and the opposite of annihilation of an appointment by the Governor that had already been perfected by the Senate's confirmation. Confirmation of an unconfirmed appointment would involve Senatorial action alone, while vacating an appointment already perfected by Senate confirmation would at least require concurrent action by both branches of the legislature. Compare *Gray* v. *McLendon,* 134 *Ga.* 224 (2 *a*) (67 S. E. 859). As relates to appointment to office that had not been submitted to or confirmed by the Senate at the time of the passage of the act, the quoted provision from the act would have relation and be germane to the subject of confirmation as mentioned in the title, as ruled in *Hope* v. *Gainesville,* 72 *Ga.* 246; *Plumb* v. *Christie,* 103 *Ga.* 686, 700 (30 S. E. 759, 42 L. R. A. 181); *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Banks* v. *State,* 124 *Ga.* 15 (52 S. E.

74, 2 L. R. A. (N. S.) 1007) ; *Corenblum* v. *State,* 153 *Ga.* 596 (113 S. E. 159) ; *Shadrick* v. *Bledsoe,* 186 *Ga.* 345 (3) (198 S. E. 535) ; and similar cases. But should the language be so construed as to create a vacancy or render void the title of an officer whose previous appointment had been duly confirmed before passage of the act, it would relate to a matter not germane or reasonably related to the subject of .confirmation mentioned in the title of the act. The title, as already indicated, gives no hint of the provision in the body that would destroy a previously duly confirmed appointment; and if the act should be construed as an attempt to vacate a previous appointment of the Governor, duly confirmed by the Senate, it would import into the body a matter not embraced in the title, and render the act violative of article 3, section 7, paragraph 8, of the constitution (Code, § 2-1808), which inhibits the passage of an act that "contains matter different from what is expressed in the title thereof." See *City Council of Augusta* v. *Port Royal & Augusta Railway,* 74 *Ga.* 658 (2 a) ; *Cowan* v. *Atlanta,* 177 *Ga.* 470 (170 S. E. 356) ; *Ausbrooks* v. *State,* 147 *Ga.* 407 (94 S. E. 304) ; *Lloyd* v. *Richardson,* 158 *Ga.* 633 (124 S. E. 37) ; and similar cases. Construing the title and body of the act as above indicated, the judgment sustaining the right of the petitioner, and ousting the respondent from the office, was not erroneous.

■ The ruling announced in the second headnote does not require elaboration.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*