24014. RICHMOND COUNTY BUSINESS ASSOCIATION, INC. et al. v. RICHMOND COUNTY et al.
24015. CITY COUNCIL OF AUGUSTA et al. v. RICHMOND COUNTY BUSINESS ASSOCIATION, INC. et al.

ARGUED APRIL 12, 1967—DECIDED MAY 4, 1967—
REHEARING DENIED MAY 18, 1967.

*Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier, Harris, Chance & McCracken, Henry T. Chance,* for appellants (case No. 24014).

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Franklin H. Pierce, Hull, Towill & Norman, W. Hale Barrett,* for appellees.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Hull, Towill & Norman, W. Hale Barrett,* for appellants (case No. 24015).

*Lanier, Powell, Cooper & Cooper, Wilmer D. Lanier, Harris, Chance & McCracken, Henry T. Chance, Franklin H. Pierce,* for appellees.

ALMAND, Presiding Justice. In July of 1966 Richmond County Business Association and several individuals, alleging themselves to be citizens and taxpayers, filed their equitable petition against Richmond County, its Board of Commissioners of Roads and Revenues, the City of Augusta, the Ordinary of Richmond County and others wherein they prayed that the appellees be enjoined from holding an election or referendum on August 9, 1966, relative to annexing into the City of Augusta certain parcels of territory in Richmond County as provided by Georgia Laws, November Sess. 1953, pp. 2610-2623, which amended the City of Augusta's charter and that said 1953 Act be declared unconstitutional for the several reasons enumerated in the petition. The appellees filed their answers and demurrers, special and general. The court overruled the appellees' special and general demurrers and after a hearing denied the appellants' prayers to enjoin the holding of the special election set for August 9, 1966. By direct and cross appeal the case came to this court. 222 Ga. 772 (152 SE2d 738). Both appeals were dismissed because the question of whether or not the court erred

in denying a temporary injunction to prevent the holding of an election was moot after the election had been held. No ruling was made on the other complaints or constitutional grounds.

On the return of the remittitur to the trial court, the appellants amended their petition and in substance alleged that in the election held on August 9, 1966, the voters voted only to extend the city limits of Augusta to an area described as Territory No. 6. The amendment further alleged "that the City Council of Augusta is also preparing to make large expenditures of the taxpayers' money in putting in sewers, street lights, in maintaining the streets, and expending money for the furnishing of police and fire protection in said area, and said expenditures will be illegal for the reason that the provisions as to notice of the holding of the election on August 9th, 1966, were not complied with as set forth in Section 4 of said Act (Ga. L. 1953, Nov. Sess., p. 2610) for the reason that the ordinary's notice was only published in the Augusta Herald more than thirty days prior to the election of August 9th, 1966, and at the time said Act was passed and for many years prior thereto and continuously and uninterrupted to August 9th, 1966, and up to this time, 'each' of the daily newspapers published in Augusta, Richmond County, Georgia, constituted the Augusta Herald and the Augusta Chronicle, and said notices were not run in the Augusta Chronicle until July 18th, 1966, and thus the terms and conditions of the election as set forth in said Act were not complied with, and said provisions were mandatory as to the notice in each of the daily newspapers published in Augusta, Georgia, and thus said election was void and of no effect." The prayers of the amendment were "[t]hat the election herein mentioned, held on August 9th, 1966, be declared void and of not effect"; "[t]hat an interlocutory and permanent injunction be issued enjoining the Mayor and the City Council of Augusta from performing any act that tends to exercise control over the persons or property in the area designated as Territory No. 6, Exhibit J of this complaint"; and "[t]hat the Mayor and the City Council of Augusta be enjoined from expending any funds of the City Council of Augusta in order to carry out the authority as described in Section 6 of said Act, or from exercising any other

dominion or control over the persons or property of Territory No. 6 and in attempting to assess, levy, or collect any taxes of any kind, or any license fees, from the persons residing in said territory or on the property or businesses located in said territory." Upon the return of the rule on the amended petition after hearing evidence, the court denied the appellants' prayers for a temporary injunction. The appellants in the main appeal (No. 24014) enumerate eleven grounds of error, and the appellees by cross appeal (No. 24015) enumerate three grounds of error in overruling the special demurrers to the petition.

We consider first the main appeal.

■ The appellees assert that the trial court properly denied the appellants' prayer for a temporary injunction because the appellants had an adequate remedy under Section 34-1702 of the 1964 Election Code (Ga. L. 1964, Ex. Sess., pp. 26, 177; Code Ann. § 34-1702) to contest the election in Territory No. 6. This contention was raised by the appellees' general demurrers to the original petition and also on the hearing of the amended petition seeking to declare the election void. The general demurrers were overruled, and the appellees have not excepted to that order. There were no demurrers filed to the petition as amended. Furthermore, the record discloses that on the last hearing the appellees again made the contention that the appellants had an adequate remedy at law by contesting the election, and the court expressly ruled that the Election Code was not applicable to the instant case. There is no exception to this ruling nor to the order overruling the general demurrers in the appellees' cross appeal. "No exceptions can be heard in this court that were not made in the court below, even where the record shows that such exceptions might have been there made, had the plaintiff in error chosen to do so." *Duncan v. Pope*, 47 Ga. 445 (5). Accordingly, the question as to adequacy of remedy at law is not before us.

■ The Act of 1953 (Ga. L. 1953, Nov. Sess., p. 2610) sought to amend the charter of the City of Augusta extending the corporate limits to include certain described territory. Sections 3 and 4 of the Act provide as follows: "Section 3. That a written petition signed by at least twenty-five percent of the qualified

electors of any of said territories shall be presented to the Mayor of the City of Augusta. Thereafter the Mayor of the City of Augusta shall satisfy himself that at least twenty-five percent of the qualified electors resident in the territory concerned have signed the said petition. Thereupon, it shall be the duty of the mayor, within thirty days after the presentation to him of the petition, to present the same to The City Council of Augusta and if a majority of the members of The City Council of Augusta shall vote for an election it shall be the duty of the mayor to immediately inform the Ordinary of Richmond County of the written petition of the qualified resident electors and of the action of The City Council of Augusta.

"Section 4. That the Ordinary of Richmond County having been so informed, it shall then be his duty to call an election in the particular territory concerned at all the voting precincts therein within ninety days after receiving such information from the mayor. Notice shall be given of said election in each of the daily newspapers at least 30 days before the date of holding said election, notifying the qualified voters thereof that the election will be held on the question of approval and ratification of this amendment. The expense of holding said election shall be paid by the City of Augusta. The Mayor of the City of Augusta and the Board of County Commissioners of Richmond County shall each be authorized to designate in equal numbers the managers and clerks who are to conduct the said election."

The appellants asserted in their petition that the election held in August, 1966, was void because notice of the election was not given at least 30 days before the date of holding the election "in each of the daily newspapers." It appears without dispute that in July of 1966 there were two daily newspapers in the City of Augusta, the Augusta Herald and the Augusta Chronicle. Proper notice was published in the Herald, but notice was not published in the Chronicle at least 30 days before the date set for the holding of the election.

When a law providing for a special election requires notice to be given in a certain way, such direction is mandatory; and failure to comply with the law vitiates the election where ob-

jection is raised at the proper time and in the proper way. *Barrentine v. Griner*, 205 Ga. 830 (55 SE2d 536); *Whittle v. Whitley*, 202 Ga. 633 (44 SE2d 241); *Roberts v. Murphy*, 144 Ga. 177 (1) (86 SE 545); and *Davis v. Dougherty County*, 116 Ga. 491 (2, 3) (42 SE 764). The failure to give the 30-day notice in both the daily newspapers in Augusta vitiated and rendered void the election. This ruling is not contrary to the ruling in *Irvin v. Gregory*, 86 Ga. 605 (13 SE 120) as explained in *Davis v. Dougherty County*, 116 Ga. 491, 494, supra, as follows: "In some cases it has been held that a failure to strictly comply with the law as to notice of an election may be treated as a mere irregularity, when there has been an acquiescence in the result of the election and a delay in raising the objection, and purchasers of bonds or others have been misled, by the acquiescence and delay. See *Irvin v. Gregory*, 86 Ga. 605 [13 SE 120]; *Brand v. Lawrenceville*, 104 Ga. 486 [30 SE 954]. But in no case has it ever been held that an election of the character now under consideration will be upheld when there has been a failure to comply with the law in regard to the notice, and objection is raised not only before the bonds have been issued, but before they could have been legally issued."

Under the facts in this case injunction is an available remedy of the appellants as citizens and taxpayers. *Roberts v. Murphy*, 114 Ga. 177 (2), supra; and *Coleman v. Board of Educ. of Emanuel County*, 131 Ga. 643 (63 SE 41).

The fact that both newspapers for more than 30 days prior to the date set for holding the election published as news items on many occasions facts as to the date of the election did not constitute notice of the election. Campe v. Cermak, 330 Ill. 463 (161 NE 761) and Special Tax School District No. 1 of Duval County v. State, (Fla.) 123 S2d 316. Legal notice means something more than knowledge of a given fact; it is knowledge brought home to a party in the prescribed form. 24A Words and Phrases (Perm. Ed.), Legal Notice, p. 420.

It was error to deny the prayer for a temporary injunction.

■ Even though the constitutionality of the 1953 amendment to the charter of the City of Augusta was properly raised by the appellants, this court will not pass on such contentions

where, as here, the case is disposed of on other grounds. *Moore v. Bell,* 186 Ga. 583 (198 SE 711) and *Tanner v. Wilson,* 184 Ga. 628 (192 SE 425).

■ In the cross appeal error is enumerated on the overruling of three of appellees' special demurrers.

(a) The appellants alleged that they were property owners and taxpayers in Richmond County. The appellees' demurrer was on the grounds that these allegations were too vague and indefinite in that the appellants' property was not described as being real or personal nor did they set forth what taxes were paid by them. It was not error to overrule this special demurrer.

(b) Paragraph 28 (a) of the petition listed the names of the appellants who resided and were taxpayers in Richmond County, but who did not reside in the City of Augusta nor in any territory sought to be annexed. Paragraph 28 (d) listed those who lived in Territories 2, 3, 4, 6, and 7, in Richmond County and were taxpayers therein. Further, Paragraph 28 (e) listed one appellant who resided outside of Richmond County, but who owned property in Territory 2 sought to be annexed. The appellees' special demurrer to Paragraph 28 is on the ground of misjoinder of parties in that the appellant or appellants, who (a) did not reside in the City of Augusta or any area sought to be annexed; (b) did reside in five of the territories sought to be annexed, but who were not citizens or taxpayers of the City of Augusta; and (c) did not live in Richmond County, but who owned property in the area sought to be annexed, were not proper parties. It was not error to overrule this special demurrer. The appellants by their allegations and prayers sought in their petition, to which the special demurrer was addressed, to enjoin the City Council of Augusta, the Board of Commissioners of Roads and Revenues of Richmond County, and other county officials from expending any public moneys on the holding of the election. All of the named appellants were either taxpayers or citizens and taxpayers of the City of Augusta or Richmond County.

It was not error to overrule the special demurrer which attacked the petition as being multifarious.

*Judgment reversed on the main appeal; affirmed on the cross appeal. All the Justices concur.*