A02A0018. CITY OF SMYRNA v. ADAMS et al.

(565 SE2d 606)

BARNES, Judge.

The City of Smyrna appeals the trial court's order holding that it did not properly annex two parcels of property. For the reasons that follow, we affirm.

On November 20, 2000, and March 19, 2001, Smyrna purported to annex two parcels of land, both abutting South Cobb Drive. Two landowners, William Adams and David C. Cole, petitioned the Superior Court of Cobb County for a declaratory judgment that Smyrna's attempted annexations were null and void.

Smyrna contends that it properly annexed the parcels under OCGA § 36-36-92 (a), which provides that the city's governing body "may annex to the existing corporate limits . . . all or any portion of unincorporated islands which are contiguous to the existing limits." "Contiguous area" is defined as an unincorporated area whose external boundary directly abuts the municipal boundary, and an "unincorporated island" is defined as a contiguous area in existence on or before January 1, 1991. OCGA § 36-36-90 (1), (3). In other words, the Code allows cities, under certain circumstances, to annex parcels of unincorporated land that are completely surrounded by the city. Both landowners contend that the annexed parcels did not abut municipal property on or before January 1, 1991, and therefore the city's governing body did not have authority to annex this land without the approval of a certain percentage of landowners and voters, or by referendum.

Whether the city properly annexed these two parcels in 2000 and 2001 depends on the date it annexed South Cobb Drive, which abuts the parcels. If the street was not within the city limits on or before January 1, 1991, then the two parcels did not abut city property on or before January 1, 1991, and the purported annexations in 2000 and 2001 are null and void. The landowners contend that the street was not annexed until April 4, 1991, when the General Assembly enacted local legislation amending Smyrna's city charter to include South Cobb Drive within its boundaries. Smyrna contends that it annexed South Cobb Drive in 1985, as evidenced by the minutes from city council meetings, as well as subsequent official county maps that showed the street was within the city limits.

The minutes of the September 16, 1985 city council meeting show that the council had requested and received approval from the state Department of Transportation to annex seven roads, including South Cobb Drive. A council member read the legal descriptions of the roadways into the record, the council passed a motion validating the signature of Thomas Moreland as owner of the roadways, and set an October 7, 1985 date for a public hearing on the issue. At the Octo-

ber 7, 1985 meeting, a councilman read the list of streets to be annexed, and there was no public opposition. The council then passed a motion to annex the roadways. The city had no other evidence to support its contention that it properly annexed South Cobb Drive in 1985, although it did submit subsequent official city and county maps, as well as the city charter, that included South Cobb Drive as part of the city. It also argued that it had maintained, policed, and paid for lighting the road since 1985.

In 1985, there were three methods by which a municipality in Georgia could annex property other than by amendment of its corporate charter by an Act of the General Assembly. These methods were (1) in counties with fewer than 100,000 residents, annexation by 100 percent approval of the landowners of the affected area; (2) annexation by application of the owners of at least 60 percent of the land and 60 percent of the electors of the affected area (the 60 percent method); and (3) annexation by resolution and referendum. See *Wall v. Bd. of Elections &c.*, 242 Ga. 566, 572 (6) (250 SE2d 408) (1978); *City of Gainesville v. Hall County Bd. of Ed.*, 233 Ga. 77, 78 (2) (209 SE2d 637) (1974); OCGA §§ 36-36-21; 36-36-32; 36-36-57.

Because Cobb County had a population of more than 100,000, Smyrna could not annex land in 1985 by application of 100 percent of the landowners. Former OCGA § 36-36-21 (b); *Jones v. City of College Park*, 223 Ga. 778 (158 SE2d 384) (1967). Further, there is no evidence that Smyrna held a referendum to annex South Cobb Drive.

Thus, the only method the city could have used to annex the street in 1985 would have been the 60 percent method. There is no evidence that it did so. Instead, contemporaneous city council minutes show that the council acted on the presumed authority of the DOT as owner of the street, held a public hearing, and then passed a motion to annex the street. The DOT, however, does not have the authority to give away state land. "The power to dispose of property belonging to the State is vested in the legislature." *Western Union Telegraph Co. v. Western &c. R. Co.*, 142 Ga. 532, 534 (83 SE 135) (1914); see 1981 Op. Atty. Gen. 37. Because the city failed to properly annex South Cobb Drive in 1985, the property at issue was not a "contiguous area" on or before January 1, 1991.

The city further contends that the trial court erred in allowing the plaintiffs to proceed with a declaratory judgment action; in finding that the landowners had standing to challenge the 1985 annexation of South Cobb Drive; in shifting the burden of proof to the city; and in not considering whether the doctrine of laches prevented them from challenging the 1985 action.

Contrary to the city's assertions, declaratory judgment is a proper method of challenging the validity of the annexation. OCGA

§ 36-36-39; *City of Fort Oglethorpe v. Boger*, 267 Ga. 485 (480 SE2d 186) (1997).

The plaintiffs also had standing to bring suit, not only because the Code specifically allows them to sue, but also because if the city annexed their property, they would be obligated to pay city taxes. See *Baker v. City of Marietta*, 271 Ga. 210 (518 SE2d 879) (1999).

Regarding its argument that the trial court improperly shifted the burden of proof to the city and failed to consider laches, the city confuses the plaintiffs' cause of action with the city's defense. In its defense of this action, the city introduced evidence that it had annexed South Cobb Drive, and thus created the unincorporated islands, in 1985. Accordingly, it fell to the city to prove this defense.

While Smyrna contends that allowing a collateral attack on the 1985 annexation would lead to excessive uncertainty, the validity of an annexation may properly be challenged by challenging the validity of the procedure previously used to annex contiguous property. See, e.g., *City of Fort Oglethorpe v. Boger*, supra, 267 Ga. at 485 (court examined propriety of annexation 11 years earlier).

Finally,

> [w]hether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the claimant or the adverse party possessed the property during the delay.

*Swanson v. Swanson*, 269 Ga. 674, 676 (2) (501 SE2d 491) (1998). The landowners' cause of action in this case ripened when the city annexed their property, not when the city claimed ownership of the road in 1985. Therefore, the doctrine of laches does not apply in this situation.

For these reasons, the trial court did not err in concluding that the city of Smyrna's purported annexations of these two unincorporated islands were null and void.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 21, 2002.

*Cochran, Camp & Snipes, Scott A. Cochran, David M. Williams*, for appellant.

*Meadows, Ichter & Trigg, Michael J. Bowers, G. Grant Brantley, Thomas J. Archer, Mary C. Cooney*, for appellees.