A09A0551. CALLOWAY v. CITY OF FAYETTEVILLE et al.
(674 SE2d 66)

BLACKBURN, Presiding Judge.

W. H. Calloway filed suit against the City of Fayetteville and its councilmen to invalidate two annexation ordinances, in which the City annexed his property and zoned it as commercial. The trial court granted summary judgment to the City and its councilmen (and concomitantly denied summary judgment to Calloway), holding that the annexation ordinances were lawfully adopted. We agree and affirm.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

The undisputed facts show that on January 1, 1991, Calloway owned a parcel of unincorporated land that was part of a larger

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

unincorporated area, which area was completely surrounded by contiguous incorporated land that had earlier been annexed by the City. Accordingly, the parties agree that Calloway's land was part of a larger "unincorporated island" as that term was defined in OCGA § 36-36-90 (3) (A).

On July 6, 2007, the City sent Calloway a letter, in which it notified him that the City had initiated the process to annex his land, that certain public hearings were scheduled to consider the matter, that the City's staff recommended that the property be zoned as commercial, and that he would "receive formal notice of this annexation pursuant to and in compliance with OCGA § 36-36-92 at a later date." On August 1, 2007, the City sent Calloway a second letter, referencing the July 6 letter and reiterating that the City had initiated the annexation process but amending the public hearing dates. The letter again concluded with the statement that Calloway would receive formal notice of this annexation at a later date. Finally, on August 8, 2007, the City sent a third letter to Calloway, stating that this letter was "formal notice of this annexation pursuant to and in compliance with OCGA § 36-36-92 (b)." In addition to reminding Calloway of the commercial zoning recommendation, it reiterated the amended hearing dates, with the final hearing to take place on September 6, 2007. At the final hearing on September 6, the City council adopted two ordinances: the first annexed Calloway's land, and the second zoned that land as commercial.

Calloway filed a complaint with the local superior court to declare the ordinances as unlawful and to enjoin their enforcement. Specifically, Calloway argued that (i) although his tract was part of a larger unincorporated island, his tract was not in and of itself an unincorporated island (in that it abutted unincorporated land on the north) and therefore could not be annexed under OCGA § 36-36-92 (a); (ii) the City could not annex a portion of a larger unincorporated island because doing so would cause the remainder of the unincorporated island to become a new unincorporated island prohibited by OCGA § 36-36-4 (a); and (iii) the City failed to annex his property within 30 days of July 6, 2007, which is when the City sent out its first letter to Calloway.[2] Both parties moved for summary judgment. The court granted summary judgment to the City and denied Calloway's motion for summary judgment. Raising these same arguments, Calloway appeals.

1. Calloway first argues that the City lacked authority to annex his land because his land was not in and of itself an "unincorporated

---

[2] Contrary to his implications on appeal, Calloway raised no other challenges to the validity of the second annexation ordinance, which zoned his property as commercial.

island" as defined in OCGA § 36-36-90 (3). We hold that a city may annex only a portion of an "unincorporated island."

OCGA § 36-36-90 (3) defines an "unincorporated island" in three ways, only one of which is applicable here: "An unincorporated area in existence on January 1, 1991, with its aggregate external boundaries abutting the annexing municipality." OCGA § 36-36-90 (3) (A). There is no dispute that Calloway's property was part of a larger tract of land that met this definition on January 1, 1991. Although Calloway's property in and of itself did not constitute an "unincorporated island," such was not required for annexation, as OCGA § 36-36-92 (a) authorizes cities to annex "all *or any portion* of unincorporated islands which are contiguous to the existing limits at the time of such annexation." (Emphasis supplied.)

2. Calloway then argues that no municipality has the authority to annex a portion of an unincorporated island, because the remainder of the island would then become a new unincorporated island prohibited by OCGA § 36-36-4 (a) (1). In other words, Calloway essentially believes that OCGA § 36-36-4 (a) (1) conflicts with OCGA § 36-36-92 (a) insofar as the latter statute expressly allows a city to annex only a portion of an unincorporated island, which necessarily would create an unincorporated island with new boundaries, which new creation Calloway argues is prohibited by OCGA § 36-36-4 (a) (1). This argument fails.

OCGA § 36-36-4 (a) (1) prohibits a city from creating unincorporated islands through annexations that "would result in the creation of an unincorporated area with its aggregate external boundaries abutting the annexing municipality." The intent of this statute is clear: a city may not conduct annexations in such a way that it would create a new unincorporated island (an unincorporated area surrounded by city properties), for then the city could forcibly annex the new area as an "unincorporated island" under OCGA § 36-36-92 (a). That did not occur here, however. By annexing a portion of a larger unincorporated area that was already qualified as an "unincorporated island," the City did not "create" a newly-formed unincorporated island but rather simply reduced the size of a previously existing island. This interpretation comports with the language of OCGA § 36-36-92 (a), which expressly authorizes a city to annex "all *or any portion* of unincorporated islands" (emphasis supplied) and which necessarily contemplates the reduction in size of currently existing "unincorporated islands."

3. Finally, Calloway argues that the City failed to follow proper procedure in adopting its annexation ordinances. Specifically, Calloway claims that OCGA § 36-36-92 (b) required the City to adopt its annexation ordinances within 30 days of the July 6 letter, even

though the letter stated that formal notice under this statute would follow at a later date. We disagree.

OCGA § 36-36-92 (a) authorizes cities to annex "all or any portion of unincorporated islands which are contiguous to the existing limits at the time of such annexation upon compliance with [applicable] procedures." OCGA § 36-36-92 (b) sets forth some of those procedures:

> Annexation of unincorporated islands as authorized in subsection (a) of this Code section shall be accomplished by ordinance at a regular meeting of the municipal governing authority within 30 days after written notice of intent to annex such property is mailed to the owner of such property. . . .

The City complied with the procedures of OCGA § 36-36-92 (b) when it adopted its annexation ordinances on September 6, which was within 30 days of its formal notice of annexation dated August 8. The earlier notices of July 6 and August 1 expressly stated the formal notice of annexation required by OCGA § 36-36-92 (b) would follow at a later date. Thus, they were nothing more than "courtesy" notices that did not trigger the running of the 30 days, and, as such, did not invalidate the annexation ordinances that were adopted within 30 days of the later formal notice. See *Bradley Plywood Corp. v. The Mayor &c. of Savannah*.[3]

The trial court correctly granted summary judgment to the City on Calloway's complaint.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 18, 2009.

*Graham & Penman, Jason W. Graham, Nathan M. Wheat*, for appellant.

*Epstein, Becker & Green, Richard R. Burris III*, for appellee.

---

[3] *Bradley Plywood Corp. v. The Mayor &c. of Savannah*, 271 Ga. App. 828, 830 (2) (611 SE2d 105) (2005).