## A09A0371, A09A0372. FULTON COUNTY v. LEGACY INVESTMENT GROUP, LLC; and vice versa.

(676 SE2d 388)

ELLINGTON, Judge.

A Fulton County jury returned a verdict against Fulton County in favor of Legacy Investment Group, LLC, on Legacy's claim for damages under 42 USC § 1983 for alleged violations of its equal protection rights in Fulton County's enforcement of a certain land use ordinance. In Case No. A09A0371, Fulton County appeals from the judgment entered on the jury's verdict, contending the trial court erred in denying its motion for a directed verdict on Legacy's claim for damages and for litigation expenses. In Case No. A09A0372, Legacy cross-appeals, arguing the trial court erred in denying as moot its petition for a declaratory judgment that the ordinance at issue is unconstitutional. As explained below, we affirm the jury's verdict appealed in Case No. A09A0371 and vacate the trial court's ruling appealed in Case No. A09A0372.

> [O]n appeal from a trial court's ruling[ ] on [a] motion[ ] for directed verdict . . . , we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts . . . are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.

(Citation and punctuation omitted.) *Fertility Technology Resources v. Lifetek Medical*, 282 Ga. App. 148, 149 (637 SE2d 844) (2006).

Viewing the evidence in favor of the verdict, the record shows the following. For years, Legacy has been a large volume developer and builder of single-family houses in Fulton County. On April 28 and June 26, 2006, Fulton County cited Legacy with violating the Fulton County Soil Erosion and Sedimentation Control Ordinance of 2005, which is codified at Fulton County Code of Ordinances Sections 26-35 through 26-48 ("the ordinance"). The ordinance requires such erosion prevention and sedimentation containment

measures as silt fences or barriers, sediment retention basins or ponds, and mulching. By letter dated November 30, 2006, Nick Ammons, as the acting deputy director of the Fulton County Department of Environment and Community Development, notified Legacy that, as a result of the two violations in 2006, "Fulton County intends to enforce [Section] 26-40 (b) (8) of the Fulton County Code pertaining to Land Disturbance Permit applications by Legacy." Section 26-40 (b) (8) of the ordinance provides, "If a permit [applicant] has had two or more violations of previous permits, this article, or the Erosion and Sedimentation Act, as amended, within three years prior to the date of filing of the application under consideration, Fulton County shall deny the permit application." Ammons' letter went on to say, "[d]ue to [Legacy's] having two or more violations of previous permits, [Fulton County] shall deny land disturbance permit applications for a period of three years from the date of [Legacy's] permit violation of April 28, 2006. Applications received prior to April 28, 2009 shall be denied." Without a land disturbance permit, Legacy would be legally prohibited from building any house in Fulton County.

Legacy filed this action soon after receiving the debarment notice. In its complaint, Legacy sought a declaration that Section 26-40 (b) (8) of the ordinance is void on its face and as applied, in that

> it bans Legacy from doing business in Fulton County without first affording Legacy with notice and an opportunity to challenge the citations issued against it, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 1, Paragraph 1 of the Georgia Constitution of 1983

and in that it fails to define the term "violation" and conflicts with other provisions that concern the same subject matter. Legacy claimed that it was uncertain whether, pursuant to the allegedly void ordinance, Fulton County would deny its future applications for land disturbance permits, as the ordinance purports to require. Legacy alleged that it must spend hundreds of thousands of dollars on engineering and other site preparation work to be in a position to submit any particular permit application. As a result, Legacy claimed, to avoid jeopardizing its interests, it needed direction from the court regarding the enforceability of the ordinance.[1] Legacy also sought an injunction prohibiting enforcement of Section 26-40 (b) (8)

---

[1] To support a petition for a declaratory judgment,
[t]he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future

of the ordinance.

In addition to its claims for a declaratory judgment and an injunction, Legacy claimed that Fulton County singled it out for harsher treatment than other similarly situated individuals or entities, that is, permit applicants that have had two or more violations of previous permits. Legacy sought damages, under 42 USC § 1983[2] and state law, for the alleged "violation of Legacy's rights to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, Paragraph 2 of the 1983 Constitution of Georgia." Finally, Legacy sought its attorney fees "[p]ursuant to 42 USC § 1988 and OCGA § 13-6-11."

The record shows that, on May 15, 2008, just before the trial began, Fulton County formally rescinded the November 30, 2006 notice of debarment. It then argued to the court that Count 1 of Legacy's complaint, seeking a declaratory judgment that the ordinance was void, was moot. The trial court agreed and denied Legacy's request for a declaratory judgment. The trial court determined that the only claim for jury resolution was Legacy's claim for damages arising from the alleged equal protection violation, including attorney fees as a part of the damages pursuant to OCGA § 13-6-11. With the parties' consent, the trial court determined that Legacy's claim for attorney fees pursuant to 42 USC § 1988 (b)[3] would be presented to the court for disposition after the verdict.

After the presentation of the evidence at trial, Legacy requested a total award of $203,363, comprised of $53,271 in engineering and environmental expenses for two projects it abandoned after receiving the November 30, 2006 debarment notice, and $150,091 in attorney fees incurred in bringing the instant action to trial. On Legacy's "claim for damages," the jury returned a verdict "in favor of [Legacy] in the amount of $180,850 against Fulton County."

---

action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest. A declaratory judgment may not be granted in the absence of a justiciable controversy. (Citations and punctuation omitted.) *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405, 406 (416 SE2d 875) (1992). See also OCGA § 9-4-2 (a) (authorizing the superior courts "[i]n cases of actual controversy . . . to declare rights and other legal relations of any interested party petitioning for such declaration").

[2] Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity[.]
42 USC § 1983.

[3] In any action or proceeding to enforce a provision of 42 USC § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 USC § 1988 (b).

## Case No. A09A0371

1. Fulton County contends that Legacy's federal law claim for damages, in which Legacy alleged that Fulton County violated its right to equal protection under the United States Constitution, required proof that Fulton County deprived Legacy of a valid property right. Fulton County argues that a land developer can have no vested property interest in land disturbance permits that it may seek to obtain in the future. As a result, Fulton County contends that the trial court erred in denying its motion for a directed verdict on Legacy's equal protection claim.

Fulton County's argument is based on a faulty premise. The identification of a property interest is *not* a required element of an equal protection claim

> because the text of the Fourteenth Amendment demonstrates that property and liberty interests are irrelevant to equal protection claims. Of the three clauses included in the second sentence of the Amendment's first section — the privileges and immunities clause, the due process clause, and the equal protection clause — only the due process clause alludes to "property" and "liberty." See U. S. Const. amend. XIV, § 1. . . . In contrast, the applicability of the equal protection clause is not limited to only those instances in which property and liberty interests are implicated. Rather, to properly plead an equal protection claim, a plaintiff need only allege that[,] through state action, similarly situated persons have been treated disparately.

(Citations omitted.) *Thigpen v. Bibb County*, 223 F3d 1231, 1236-1237 (II) (A) (11th Cir. 2000). Here, Legacy complained that, although other developers were similarly situated in terms of violating permits, Fulton County intentionally and discriminatorily singled Legacy out for harsher treatment under the law. Because Legacy was not required to prove that Fulton County deprived it of a valid property right, Fulton County's argument lacks merit.

2. Fulton County contends that Ammons did not have final policymaking authority for Fulton County with regard to land disturbance permit applications. Specifically, Fulton County contends that Legacy had a meaningful opportunity to appeal the debarment notice pursuant to Section 26-47 (a) of the ordinance. As a result, it contends, it cannot be held liable for any damages caused by Ammons' conduct in issuing the debarment notice. Based on this, Fulton County argues that the trial court erred in denying its motion for a directed verdict on Legacy's equal protection claim.

To recover damages under 42 USC § 1983, Legacy was required to prove that the county employee who issued the debarment notice had final policymaking authority for Fulton County with regard to land disturbance permit applications.[4] "[I]n assessing whether a governmental decision maker is a final policy maker, we look to whether there is an actual opportunity for meaningful review." (Citation and punctuation omitted.) *Holloman v. Harland*, 370 F3d 1252, 1292 (V) (B) (11th Cir. 2004). The ordinance at issue expressly provides for the review of certain other types of decisions (specifically, stop work orders, the suspension, revocation, or modification of already-issued permits, and conditional grants of permits).[5] A notice that Fulton County intends to deny *future* permit applications, however, does not come within the express terms of the appeal right. Fulton County, therefore, has not shown that Legacy had a right to appeal Ammons' prospective decision to deny Legacy's permit applications.[6]

Accordingly, the evidence authorized a finding that Ammons had final policymaking authority to deny Legacy's land disturbance permit applications for a period of three years. See *Rookard v. Health & Hospitals Corp.*, 710 F2d 41, 46 (2d Cir. 1983) (reversing dismissal of employee's § 1983 claim where there was evidence that officials who transferred and later fired employee had exercised final policymaking authority). It follows that the trial court did not err in denying Fulton County's motion for a directed verdict on Legacy's federal equal protection claim.

---

[4] A municipal governing body may be held liable [under 42 USC § 1983] for acts or policies of individuals to whom it delegated final decisionmaking authority in a particular area. A member or employee of a governing body is a final policy maker only if his decisions have legal effect without further action by the governing body, and if the governing body lacks the power to reverse the member or employee's decision. To determine if someone is a final policy maker, [the courts] look not only to state and local positive law, but also custom and usage having the force of law. (Citations and punctuation omitted.) *Holloman v. Harland*, 370 F3d 1252, 1292 (V) (B) (11th Cir. 2004).

[5] The ordinance provides as follows:
The issuance of a stop work order, as well as the suspension, revocation, modification, or grant with condition of a permit by Fulton County upon finding that the holder is not in compliance with the approved erosion and sediment control plan; or that the holder is in violation of permit conditions; or that the holder is in violation of this article shall entitle the person submitting the plan or holding the permit to a hearing before the Fulton County Board of Commissioners within 30 days after receipt by the director of written request for appeal.
Fulton County Code of Ordinances Section 26-47 (a).

[6] We note that Fulton County's argument on appeal that Section 26-47 (a) of the ordinance granted Legacy the right to appeal the debarment notice conflicts with Fulton County's own actions at the time. The record shows that, after receiving the debarment notice, Legacy attempted to appeal the notice pursuant to Section 26-47 (a) and submitted a timely request for a hearing within 30 days before the Fulton County commissioners. Fulton County failed to provide Legacy the hearing or to otherwise review Ammons' decision.

3. Fulton County contends that there was no evidence that it waived its sovereign immunity with regard to Legacy's state law claim for damages, in which Legacy alleged that Fulton County violated its right to equal protection under the Georgia Constitution. As a result, Fulton County contends, the trial court erred in denying its motion for a directed verdict on Legacy's state claim. The record shows, however, that Legacy's state equal protection claim was not submitted to the jury. Regardless of whether Legacy withdrew the claim or whether the trial court tacitly granted Fulton County's motion for a directed verdict, this argument is moot.

4. Fulton County contends that Legacy could not prevail on any state law claim for damages, and, therefore, the evidence did not authorize the jury to award Legacy attorney fees under OCGA § 13-6-11.[7] As a result, Fulton County contends, the trial court erred in denying its motion for a directed verdict on Legacy's claim for fees under that Code section.

Fulton County's argument is based on a faulty premise. There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, "OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees" even when only a federal law claim for damages is submitted to the finder of fact. *Nissan Motor Acceptance Corp. v. Stovall Nissan*, 224 Ga. App. 295, 300 (4) (480 SE2d 322) (1997). Thus, the jury could award Legacy its attorney fees as an element of the damages it awarded on Legacy's federal equal protection claim, regardless of whether Legacy could prevail on any state law claim for damages. Fulton County has shown no error.

5. Fulton County contends that, before trial, Legacy agreed to submit the issue of its attorney fees to the court after the jury returned a verdict, rather than to the jury, and that it did not present evidence of its fees at trial. As a result, Fulton County contends, the trial court erred in submitting the issue of Legacy's attorney fees to the jury. Contrary to Fulton County's position, however, the record shows that Legacy agreed to submit its claim for fees *pursuant to 42 USC § 1988 (b)* to the court after the verdict; the agreement did not pertain to Legacy's claim for fees under OCGA § 13-6-11. In addition, Legacy submitted evidence at trial that its attorney fees had

---

[7] "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." OCGA § 13-6-11. See *Brown v. Baker*, 197 Ga. App. 466, 467 (2) (398 SE2d 797) (1990) ("OCGA § 13-6-11 does not create an independent cause of action. That statute merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages.") (citation omitted).

reached $150,091 before trial, and the issue was submitted to the jury. This argument lacks merit.

### Case No. A09A0372

6. Legacy contends that the issue of whether Fulton County's ordinance violates the due process protections of the United States and Georgia Constitutions was not rendered moot by Fulton County's withdrawal of the debarment notice issued to Legacy. As a result, Legacy contends, the trial court erred in failing to consider on the merits its petition for a declaratory judgment that the ordinance is unconstitutional. We agree.

Despite the fact that Fulton County has withdrawn the November 30, 2006 debarment notice, the ordinance remains on the books. As long as Legacy has two or more violations of previous permits or the ordinance within the three years preceding any future permit application, the ordinance provides that "Fulton County shall deny the permit application." While a petition seeking a declaration that a particular debarment notice was void would presumably be rendered moot by the withdrawal of the notice, Legacy did not seek a declaration that the November 30, 2006 debarment notice was void. Instead, Legacy sought a declaration that the ordinance itself is unconstitutional. This challenge to the overall enforceability of the ordinance, which is still the law, was not rendered moot by the withdrawal of the debarment notice. Accordingly, the trial court erred in failing to consider on the merits Legacy's petition for a declaratory judgment. We vacate the trial court's judgment to the extent it denied as moot Legacy's petition for a declaratory judgment and remand for further proceedings.

*Judgment affirmed in part and vacated in part, and case remanded. Johnson, P. J., and Mikell, J., concur.*

### DECIDED MARCH 20, 2009.

*Steven E. Rosenberg*, for appellant.
*Balch & Bingham, J. Matthew Maguire, Jr., Robert F. Glass*, for appellee.