A10A0330. WORLEY v. PEACHTREE CITY.

(699 SE2d 94)

ADAMS, Judge.

On May 3, 2007, Peachtree City annexed and rezoned two tracts of land in western Fayette County using the 100 percent method. See

---

OCGA § 36-36-21.[1] On June 4, 2007, city resident David Worley filed a petition for declaratory and injunctive relief. In his petition as first amended he argued, among other things, that the rezoning did not occur in accordance with the Zoning Procedures Law, OCGA § 36-66-1 et seq., and that the annexation was ultra vires because it created an "unincorporated island" completely surrounded by Peachtree City in violation of OCGA § 36-36-4. On the latter count, Worley sought to enjoin the city from acting on the annexation and from allowing development or taking any other action with regard to the annexed property. On November 6, 2008, the city annexed the alleged unincorporated island.

On January 13, 2009, the trial court granted a motion to dismiss Counts 2 through 6 of Worley's amended complaint, which addressed the zoning and other issues, on the ground that Worley did not have standing and other reasons. The court held that Worley did have standing on Count 1, which challenged the annexation; it became his sole remaining claim.

On the day before the April 1, 2009 hearing on cross-motions for summary judgment, Worley amended Count 1 to allege that the May 3 annexation created second and third unincorporated islands in violation of a different subsection of OCGA § 36-36-4; he alleged that the annexation resulted in two other tracts of land becoming totally surrounded by two municipalities — Peachtree City and the City of Tyrone. On April 12, 2009, the trial court granted summary judgment in favor of the city on the original unincorporated island count on the ground that it was moot as a result of the annexation of that island. The court refused to consider Worley's second amended complaint and the attachments thereto on the ground that they were filed too late in connection with his motion for summary judgment. Worley filed a notice of appeal; he challenges the annexation, not the zoning issues that were dismissed.[2] We reverse and remand for entry of summary judgment in favor of Worley.

1. The appellee moves this Court to dismiss the appeal. It contends the underlying subject matter of the appeal is zoning and that therefore an application for a discretionary appeal is required because zoning appeals are considered appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies. OCGA § 5-6-35 (a) (1); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989); *Shockley v. Fayette County*, 260 Ga. 489, 492 (396 SE2d 883) (1990) (Hunt, J., concur-

---

[1] The annexation of each tract was enacted in a city ordinance, and the zoning of each tract was enacted by separate ordinances.

[2] The trial court entered a final judgment on May 12, 2009, but Worley did not appeal that order.

ring). See also *O S Advertising Co. of Ga. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997).

On the other hand, in cases challenging annexation by local governments, both this Court and the Supreme Court routinely accept direct appeals. See, e.g., *Cherokee County v. City of Holly Springs*, 284 Ga. 298 (667 SE2d 78) (2008) (challenge to annexation); *Calloway v. City of Fayetteville*, 296 Ga. App. 200 (674 SE2d 66) (2009) (challenge to annexation in which zoning also occurred); *City of Buford v. Gwinnett County*, 262 Ga. App. 248 (585 SE2d 122) (2003) (same); *City of Smyrna v. Adams*, 255 Ga. App. 453 (565 SE2d 606) (2002) (challenge to annexation). And if the underlying subject matter of an appeal involves claims with independent standing, one of which is subject to the discretionary appeal statute and one of which is directly appealable, a party may file a direct appeal and the appellate courts have jurisdiction to address both claims. *Zitrin v. Ga. Composite State Bd. of Med. Examiners*, 288 Ga. App. 295, 297 (1) (653 SE2d 758) (2007); *Smith v. Dept. of Human Resources*, 214 Ga. App. 508 (448 SE2d 372) (1994). See also *Martin v. Williams*, 263 Ga. 707 (438 SE2d 353) (1994) (appellate court may consider order that is not directly appealable in conjunction with an order that is). Compare *Powell v. City of Snellville*, 275 Ga. 207, 209 (1) (563 SE2d 860) (2002) ("The inclusion in the appeal to superior court of *prayers for relief* other than from the zoning decision does not transform the case into one in which a direct appeal is authorized.") (emphasis supplied).

Regardless of Worley's challenge to the zoning claims, he could have challenged the city's annexation independently, and therefore his annexation claim has independent standing for purposes of appeal. Thus *Zitrin* is controlling, and we have jurisdiction of this appeal. Compare *City of Byron v. Betancourt*, 242 Ga. App. 71 (528 SE2d 841) (2000) (assuming but not deciding that direct appeal was proper in case challenging both annexation and zoning).

2. Worley contends the court erred by granting summary judgment in favor of the city because his claim regarding the annexation was not mooted by the city's second annexation on November 6, 2008. Rather, he argues, the first annexation on May 3, 2007 was void and could not be revived by the city's subsequent act because that act did not include re-annexation of the original tracts. We agree.

(a) It is undisputed that prior to the May 3 annexation, the land at issue was located entirely within unincorporated Fayette County and that it was bounded on the west by Coweta County, on the north by the City of Tyrone, and to the east and south by Peachtree City. It is also undisputed that the May 3 annexation left one tract of land (referred to by the parties as the Hardy and Kidd Tracts) entirely surrounded by Peachtree City. See OCGA § 36-36-4. Finally it is undisputed that the city annexed that tract on November 6, 2007.

The trial court held that Worley's case was mooted by the November 6 annexation. The court reasoned, "because the Hardy and Kidd Tracts are no longer an unincorporated island, there is nothing that need be remedied by the Court."

(b) To determine whether the November 6 annexation rendered Worley's challenge to the May 3 annexation moot, we start with the May 3 annexation. OCGA § 36-36-4 (a) (1) prohibits the formation of unincorporated islands. More specifically, and relative to Count 1 of Worley's complaint as first amended, it prohibits annexation that would result in "the creation of an unincorporated area with its aggregate external boundaries abutting the annexing municipality." OCGA § 36-36-4 (a) (1). The May 3 annexation left the Hardy and Kidd tracts entirely surrounded by Peachtree City, and thus that annexation violated the statute.

Peachtree City presents one argument to support its claim that the annexation did not violate the statute. The city correctly points out that since 1991, a municipality has been authorized to annex all *or part* of an unincorporated island that preexisted the 1991 legislation outlawing the creation of unincorporated islands, *even if* the result is another unincorporated island. See *Calloway*, 296 Ga. App. at 201-202 (1), (2); OCGA § 36-36-90 et seq. The only issue here is whether the preexisting unincorporated area at issue in this case meets the definition of a preexisting unincorporated island.

As shown above, it was bordered by two cities and a county, and it is undisputed that it existed this way prior to 1991. OCGA § 36-36-92 provides that municipalities may annex "unincorporated islands." The term "unincorporated island" is defined in the same Article to mean unincorporated areas in existence on January 1, 1991 "with its aggregate external boundaries abutting the annexing municipality . . . [or] abutting any combination of the annexing municipality and one or more other municipalities." OCGA § 36-36-90 (3) (A), (B).[3] Obviously the tract in question not only abutted two municipalities, it also abutted Coweta County.

Peachtree City contends the term "aggregate external boundaries" is defined in such a way that the tract in question can be considered a preexisting unincorporated island. OCGA § 36-36-91 provides as follows:

> For the purposes of determining the aggregate external boundary of an unincorporated area, all real property in the

---

[3] The term also includes unincorporated areas in existence as of January 1, 1991 that the county has properly elected to be considered an "unincorporated island." OCGA § 36-36-90 (3) (C). No evidence has been submitted to show that this subsection is applicable to this case.

area to be annexed, which at the time the annexation procedures are initiated, (1) is unincorporated, and (2) is *in the same county as the annexing municipal corporation*, shall have its area included in determining the aggregate external boundary.

(Emphasis supplied.) Peachtree City argues that the highlighted words broaden the definition of unincorporated island found in OCGA § 36-36-90 (3) such that an existing unincorporated island may have a county line as its border. Worley argues that, under Peachtree City's reasoning, all of south Fulton County would be considered a preexisting unincorporated island. And Atlanta would be authorized to create new unincorporated islands without limit in that area.

We fail to see how OCGA § 36-36-91 can be read to override the clear language of OCGA § 36-36-90 (3) which, relevant to this case, only allows annexation of preexisting unincorporated islands if they are "abutting the annexing municipality" or "abutting any combination of the annexing municipality and one or more other municipalities." "[I]f some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned." (Citations omitted.) *Morton v. Bell*, 264 Ga. 832, 833 (452 SE2d 103) (1995). We conclude that the original tract of land in this case was not a preexisting unincorporated island, and therefore, the May 3 annexation created an unincorporated island, which was prohibited by OCGA § 36-36-4 (a).

(c) Because the May 3 annexation violated a State statute, it exceeded the municipality's power and is therefore ultra vires and void. See *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 129 (2) (d) (i) (337 SE2d 327) (1985); *Brown v. City of East Point*, 246 Ga. 144, 146 (268 SE2d 912) (1980); *City of Smyrna*, 255 Ga. App. at 455. "It is the general rule in Georgia that municipalities cannot exercise powers except those granted to them by the State." *CSX Transp. v. City of Garden City*, 277 Ga. 248, 249 (1) (588 SE2d 688) (2003). Under OCGA § 36-36-4, municipalities are expressly prohibited from creating unincorporated islands. Thus, it cannot be said that Peachtree City merely took irregular action in the exercise of its granted powers. See *Newsome v. City of Union Point*, 249 Ga. 434, 437 (291 SE2d 712) (1982) ("(t)here is a distinction between the doing by a corporation of an act beyond the scope of the powers granted to it by law, and an irregularity in the exercise of the granted powers") (punctuation omitted). Compare *City of Holly Springs v. Cherokee County*, 299 Ga. App. 451, 457 (3) (682 SE2d 644) (2009) ("the city's failure to finalize the annexation by adopting the ordinance, preparing a survey, and filing it with the Secretary of State was . . . not an action

contrary to the statute which the city had *no power to take*, but 'simply making a mistake during an otherwise authorized action under the' statute") (emphasis in original). Accordingly the May 3 annexation ordinance was void. See, e.g., *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 8-9 (3) (178 SE2d 868) (1970) (annexation ordinance that violated state statute is illegal and void); *Pharris v. Mayor &c. of Jefferson*, 227 Ga. 32 (178 SE2d 863) (1970) (same); *Culpepper v. City of Cordele*, 212 Ga. App. 890, 893 (443 SE2d 642) (1994) (same).

(d) The defendant contends the November 6 annexation rendered any problems with the May 3 annexation moot because it eliminated the unincorporated island. First, the second annexation could not resurrect the first annexation because that act was void. Long ago the Supreme Court held that an act of the General Assembly that is void when enacted is "forever void." *Jones v. McCaskill*, 112 Ga. 453, 456 (37 SE 724) (1900). And in a case involving a municipal ordinance, the Supreme Court explained, "there is a line of decisions of this court to the effect that[,] where an ordinance is absolutely void, because in conflict with the constitution, then the ordinance amounts to no law at all, and in such case a court of equity will assume jurisdiction to enjoin its enforcement." *Southeastern Greyhound Lines v. City of Atlanta*, 177 Ga. 181, 184 (170 SE 43) (1933). Compare *Adams v. Adams*, 249 Ga. 477, 479 (1) (291 SE2d 518) (1982) ("This harsh rule is subject to exceptions, however, where, because of the nature of the statute and its previous application, unjust results would accrue to those who justifiably relied on it.").

Second "a case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights, and . . . mootness is a mandatory ground for dismissal." *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). And a claim may become moot when a government entity has taken a second action subsequent to a challenged action, but only under certain circumstances. Some examples are that a challenge to a government action may become moot when the challenged action has been completely withdrawn or adequately amended[4] or when it is redone or reenacted without the original flaw.[5] This is not an exhaustive list.

___

[4] See, e.g., *Pawnmart, Inc. v. Gwinnett County*, 279 Ga. 19, n. 1 (608 SE2d 639) (2005) (plaintiff had challenged a provision of a county ordinance, but during the litigation, the county acted to remove the offending provision). See also *GeorgiaCarry.Org v. City of Roswell*, 298 Ga. App. 686, 689-691 (1) (680 SE2d 697) (2009) (amendment of challenged aspects of a city ordinance rendered challenge moot).

[5] See, e.g., *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (2) (530 SE2d 226) (2000) (county's proper and legal reaffirmance of actions allegedly taken improperly moots challenge

But a claim is not always moot when a government attempts to resolve or overcome the original flaw. In *Fulton County v. Legacy Investment Group*, 296 Ga. App. 822, 828 (6) (676 SE2d 388) (2009), a builder alleged a county ordinance was void on its face and as applied, because it banned, or debarred, the builder from doing business in Fulton County without due process of law and because of other flaws. Id. at 823. Fulton County issued but later withdrew a debarment notice to the builder, but the ordinance remained on the books. This Court found the challenge to the ordinance was not moot:

> While a petition seeking a declaration that a particular debarment notice was void would presumably be rendered moot by the withdrawal of the notice, [the builder] did not seek a declaration that the November 30, 2006 debarment notice was void. Instead, [the builder] sought a declaration that the ordinance itself is unconstitutional. This challenge to the overall enforceability of the ordinance, which is still the law, was not rendered moot by the withdrawal of the debarment notice.

Id. at 828 (6).

In *Bruck v. City of Temple*, 240 Ga. 411 (240 SE2d 876) (1977), an unincorporated area of Carroll County was annexed into the City of Temple by a local annexation statute passed by the General Assembly. Residents of the area challenged the annexation on the ground that the act was unconstitutional because it did not provide for new electoral districts to represent the new residents, depriving them of the right to run for election to certain city posts. Id. at 412. The trial court denied the residents relief. Pending an appeal, the residents of Temple voted to approve the local annexation act, and the city enacted an ordinance to broaden the electoral districts to encompass the new territory. Id. at 413 (2). On appeal, the appellees raised the question of whether the appeal was moot. The Supreme Court held that although the appellants' request for injunctive relief was moot, the appellants' claim that the local act was unconstitutional from its inception "is still alive." Id. The Court went on to address that question and ultimately held that the local act was not unconstitutional. Id. at 413-416 (3). Thus, the enactment of the ordinance, which remedied the alleged flaw in the original law, did not make moot the question of whether the local act was unconsti-

---

to county's initial action); *Douglas County v. Hasty*, 237 Ga. 646 (229 SE2d 435) (1976) (new zoning ordinance and map adopted to replace ordinance deemed unconstitutional by trial court rendered appeal of trial court decision moot).

tutional, and therefore void. See also *Richmond County Business Assn. v. Richmond County*, 223 Ga. 337, 341-342 (2) (155 SE2d 395) (1967) (failure of election to comply with statute requiring notice to be given in a certain way rendered special election void even though election had mooted challengers' prior appeal of denial of their attempt to enjoin election).

The same holds true here. Worley's claim is not moot because what he seeks is injunctive relief prohibiting the city from acting on the annexation such as expending city funds on the newly incorporated area. He was not seeking to enjoin the annexation of the Hardy and Kidd tracts. Although the November 6 annexation purportedly eliminated the incorporated island, it did not make moot the question of whether the May 3 annexation was void. That issue "is still alive"; the void annexation was not revived by the second annexation; and the city is proceeding as if that May 3 annexation was valid.

(e) Injunctive relief is available under these circumstances. See, e.g., *Emmons v. City of Arcade*, 270 Ga. 196, 198 (2) (507 SE2d 464) (1998) (superior court had jurisdiction to issue injunction against any actions flowing from city's ultra vires act).

Accordingly, the trial court erred in granting summary judgment in favor of the appellee. For the same reasons, the trial court erred by denying Worley's motion for summary judgment. We therefore reverse and remand for entry of summary judgment in favor of Worley together with an injunction against the city for any actions flowing from the void annexation.

3. On March 31, 2009, the day before oral argument on the motion for summary judgment, Worley filed a second amended complaint in which he alleged that the May 3 annexation created two other unincorporated islands; he alleged that the "Davis and Crawley Tract" and the "Pruett Tract" were completely surrounded by a combination of Peachtree City and Tyrone in violation of OCGA § 36-36-4 (a) (2). In its order on the motion for summary judgment, the trial court ruled that this amendment was too late and that it "will therefore not be considered by the Court for purposes of the motions for summary judgment." Because we have held that the May 3 annexation was void, we need not address this enumeration of error.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2010 — ▮▮▮▮▮▮▮▮

*David J. Worley*, pro se.

*Sumner & Meeker, Theodore P. Meeker III*, for appellee.