## A05A0401. BRADLEY PLYWOOD CORPORATION v. THE MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
## A05A0402. DERST INVESTMENTS, L.P. v. THE MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.
## A05A0403. DERST BAKING COMPANY v. THE MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

(611 SE2d 105)

PHIPPS, Judge.

In these related cases, Bradley Plywood Corporation, Derst Investments, L.P., and Derst Baking Company ("the plaintiffs") appeal from the trial court's order granting summary judgment to the mayor & aldermen of the City of Savannah ("the City"). Below and on appeal, the plaintiffs have made identical arguments challenging the City's annexation of their property. Specifically, the plaintiffs assert: (1) that the City improperly annexed their property in a special, as opposed to a regular meeting; and (2) that the City failed to give proper notice of its intent to annex their property. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Viewed in this light, the record shows that the City generally holds regular meetings every other Thursday and that these meetings are scheduled in September or October of the previous year. In October 2001, the city clerk posted the City's schedule of regular meetings for the year 2002. This schedule stated that regular scheduled meetings would be held every other Thursday and then listed the specific dates for each meeting. As the every-other-Thursday schedule provided for a meeting on November 27, 2002, and December 25, 2002, an asterisk was placed by these dates with the notation that these meetings would be held on a day other than a Thursday due to Thanksgiving and Christmas. In a regular meeting held on October 3, 2002, the City voted to schedule these meetings for November 26, 2002, and December 23, 2002. The city clerk then immediately posted these dates on the City's website. She also immediately posted a notice of the dates

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

at the meeting location and on her door.

On November 15, 2002, the City sent the plaintiffs a "courtesy" letter informing them of its intent to annex their property, and on November 26, 2002, the City sent the plaintiffs "the legally required notice of intent to annex." The parties agree that the letters informed the plaintiffs that the City planned to introduce an ordinance to annex their property at the December 23, 2002 meeting. At that meeting, the City addressed a full agenda of business in addition to the annexation ordinance, which passed and went into effect on December 31, 2002.

The plaintiffs subsequently filed declaratory judgment actions seeking a ruling from the trial court that the annexation ordinance was null and void. The City filed a motion for summary judgment in each of these actions, which the trial court granted in a consolidated order.

1. Plaintiffs contend that because the City failed to adopt the annexation ordinance at a "regular" meeting, it is null and void.[2] In support of this argument, plaintiffs rely on the following portion of the Open Meetings Act:

> Every agency shall prescribe the time, place, and dates of regular meetings of the agency.[3] Such information shall be available to the general public and a notice containing such information shall be posted and maintained in a conspicuous place available to the public at the regular meeting place of the agency. Meetings shall be held in accordance with a regular schedule, but nothing in this subsection shall preclude an agency from canceling or postponing any regularly scheduled meeting.[4]

According to the plaintiffs, this language precludes a city from rescheduling a regular meeting to an earlier date. Instead, a city can only cancel or postpone a meeting. There was, however, no "rescheduling" here. At the time the City published its schedule of regular 2002 meetings, it included a notation that the December meeting would need to be held on a different date than a Thursday because of a conflict with Christmas. Thus, the date was actually first set for the December 2002 regular meeting on October 3, 2002; there was no rescheduling that turned a regular meeting into a special meeting as

---

[2] OCGA § 36-36-92 (b) provides that "[a]nnexation of unincorporated islands . . . shall be accomplished by ordinance at a regular meeting of the municipal governing authority. . . ."

[3] The Act's definition of "agency" includes "municipal corporations." OCGA § 50-14-1 (a) (1) (B).

[4] OCGA § 50-14-1 (d).

argued by plaintiffs. As a result, we need not decide whether the Open Meetings Act precludes a city from rescheduling a regular meeting to an earlier date.

2. Plaintiffs also assert that the ordinance was null and void because they failed to receive 30 days notice of the City's intent to annex their property. The trial court found that the November 15, 2002 letter provided the plaintiffs with sufficient notice. It then went on to find that even if, assuming arguendo, the November 26, 2002 letter was the only proper notice, the ordinance could be voided for lack of notice only if the plaintiffs could prove harm. The trial court then concluded that the plaintiffs were not harmed by receiving 28 instead of 30 days notice. Plaintiffs argue on appeal that the November 26, 2002 letter did not provide them with 30 days notice and that they are not required to show resulting harm.

OCGA § 36-36-92 (b) provides that annexation "shall be accomplished by ordinance at a regular meeting of the municipal governing authority *within* 30 days after written notice of intent to annex . . . is mailed to the owner. . . ."[5] Thus, the annexation must happen *no later than* 30 days after the notice is mailed, not no sooner than 30 days after the notice is mailed. Although the trial court misinterpreted this Code section to require 30 days notice before annexation may occur, it reached the correct result by granting the City's motion for summary judgment. As a result, we affirm the trial court's consolidated judgment in favor of the City in each of these three cases.[6]

*Judgments affirmed. Andrews, P. J., and Barnes, J., concur. Mikell, J., not participating.*

DECIDED MARCH 1, 2005.

*Hunter, Maclean, Exley & Dunn, John M. Tatum*, for appellants. *James B. Blackburn*, for appellee.

---

[5] (Emphasis supplied.)
[6] *Abellera v. Williamson*, 274 Ga. 324, 327 (2) (553 SE2d 806) (2001) ("it is appropriate for an appellate court to determine whether the trial court's ruling was right for any reason").