**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2016**

# In the Court of Appeals of Georgia

A15A2092. CITY OF LOVEJOY et al. v. CLAYTON COUNTY et al.

MCFADDEN, Judge.

In Title 36 of our code, Local Government, is Chapter 36, which sets out several procedures by which a city can annex territory. At issue is the procedure set out in Article 3 of that chapter, OCGA § 36-36-30 et seq., which provides for annexation pursuant to application by the owners of 60 percent of the land at issue and 60 percent of the electors residing on it.

As a prerequisite to annexation under that procedure, a city must substantially comply with, among other things, the requirements of OCGA § 36-36-36 regarding notice and opportunity to be heard. Specifically OCGA § 36-36-36 (a) requires that a public hearing be held before the city exercises this annexation authority and

requires that notice of that hearing "be advertised once a week for two consecutive weeks immediately preceding the hearing in a newspaper of general circulation in the municipal corporation and in the area proposed for annexation." Id.

In this case the city of Lovejoy undertook to annex certain property in Clayton County using that procedure. The county filed a declaratory judgment action, contending that the city had failed of a number of the statutory prerequisites to annexation. The trial court agreed and granted summary judgment in favor of the county, invalidating the annexation.

We conclude that the city failed to publish a notice as required by OCGA § 36-36-36 (a) that accurately described the property to be annexed. So we hold that the city failed to comply, or to substantially comply, with the requirements of that statute. We therefore affirm.

1. *Facts.*

The issue is whether certain owners of property in the area the city proposed to annex received the notice to which they were entitled under the annexation statute.

The relevant facts are undisputed, so the application of law to these facts is subject to de novo review. *City of Brookhaven v. City of Chamblee*, 329 Ga. App. 346 (765 SE2d 33) (2014).

On December 14, 2012, the managing member of Lovejoy Station/SAV LLC[1] filed an application with the mayor and city council of the city of Lovejoy seeking to have the city annex its 10.177 acres located at 11143 Tara Boulevard, Hampton, Georgia, into the city's boundaries. He asserted that he represented not less than the requisite 60 percent of the property owners and electors as required under the Article 3 procedure. See OCGA § 36-36-32. And in fact, Lovejoy Station owned the entire 10.177-acre parcel. The representative attached a map to the application, with an arrow drawn from the notation "subject" to a 10.177-acre parcel.

Four days later, as required by OCGA § 36-36-6, the city attorney sent to the chair of the Clayton County Board of Commissioners notice of the city's intent to annex the property. That statute allows annexation upon application of owners of 60 percent of the land proposed to be annexed and 60 percent of the resident electors. The city attorney's letter described the property to be annexed as 11143 Tara Boulevard, Hampton, Georgia and included Lovejoy Station's annexation application.

An attorney for Clayton County's board of commissioners replied that the notice letter did not comply with the requirements of the annexation statute. On January 7, 2013, the city attorney responded with another letter that included

[1]The representative's name and title are illegible on the application.

3

"attachments to the proposed annexation of 11143 Tara Blvd. including the legal description and map," documents that "were inadvertently excluded from the previous mailing." She included with the letter a copy of Lovejoy Station's warranty deed with a legal description of the 10.177-acre parcel. Nothing in this correspondence indicated the city's intention to annex anything more than the 10.177-acre parcel.

On January 11, 2013, the city's mayor sent to the board of commissioner's attorney "a copy of the map and adjoining property information in reference to the annexation notification on Tara Blvd." This letter included not only the document sent with the city attorney's January 7 letter for the 10.177-acre parcel, but also copies of warranty deeds for approximately five more acres: a .9318-acre tract owned by Fortune Properties, Inc.; a .982-acre tract owned by Chick-Fil-A, Inc.; a .8421-acre tract owned by the trustee of the James G. Levratto and Renee M. Levratto Trust; a .826-acre tract owned by Prime Commercial Group, LLC; a .50-acre tract owned by Papa John's USA, Inc.; and a tract known as 11200 Tara Boulevard owned by W&W Realty Co., LLP.

At some point not clear from the record, apparently in an effort to comply with the notice requirements of OCGA § 36-36-36 (a), the city published in a newspaper and on its website notice of a January 28, 2013, public hearing to address "an

4

application to annex the property located in land lot 158 of the 6th district located at 11143 Tara Boulevard . . . ." The notices did not mention the proposed annexation of the adjoining properties. The city council conducted the January 28, 2013, public hearing, and then, on February 11, 2013, at a public meeting, voted to "annex the Publix Shopping Center into the city of Lovejoy." But the written ordinance reflecting the vote referred only to Lovejoy Station's 10.177-acre parcel. So on September 9, 2013, the city adopted another ordinance to supply that omission, attaching a map that included the adjoining parcels as well as the 10.177-acre parcel.

In response Clayton County filed this action seeking a declaration that the annexation was void for multiple reasons. The trial court granted the county's motion for summary judgment, declaring the ordinance of annexation null and void. The trial court held that neither the annexation application nor the notice of public hearing referenced anything other than Lovejoy Station's 10.177 acres, so the owners of the adjoining properties were never placed on notice that their land was being considered for annexation. The city filed this appeal.

2.   *Notice to adjoining property owners.*

OCGA § 36-36-32 (a), under which the city proceeded, allows a municipal corporation to annex unincorporated areas contiguous to its boundaries "upon the

5

written and signed application of not less than 60 percent of the electors resident in the area included in any such application and of the owners of not less than 60 percent of the land area, by acreage, included in such application."

To satisfy the prerequisites for an annexation under Article 3, an application submitted by land owners and electors must "contain a complete description of the land proposed to be annexed." OCGA § 36-36-32 (b). If the municipal corporation determines that the annexation application complies with statutory requirements, it must conduct a hearing on the application. OCGA § 36-36-36 (a). It must give "[n]otice of the time and place of the hearing . . . to the persons presenting the application and [the notice] shall be advertised once a week for two consecutive weeks immediately preceding the hearing in a newspaper of general circulation in the municipal corporation and in the area proposed for annexation." Id. All "persons resident or owning property in the municipal corporation or in the area proposed for annexation" may be heard at the hearing. OCGA § 36-36-36 (b).

The city does not dispute that the notice it published in the newspaper and on its website specified only the Lovejoy Station property and not the adjoining properties. But it argues that this deficiency was cured in three ways: 1) when the city's mayor sent to the board of commissioner's attorney notice that contained a map

6

that depicted all the properties, not just Lovejoy Station's property, and copies of the deeds of the adjoining properties; 2) by the mayor describing the entire parcel sought to be annexed at the January 28, 2013, public hearing; and 3) by referring to the "Publix Shopping Center" rather than "Lovejoy Station" at the February 11, 2013, public meeting at which the city council adopted the ordinance. Consequently, the city argues, it substantially complied with the notice requirements of the annexation statute, and the trial court erred by declaring the annexation ordinance void.

It is true that substantial compliance is the standard. OCGA § 36-36-39 (b) provides, "The judgment of the court on any . . . petition [for declaratory judgment as to the annexation's validity] may declare the annexation ordinance null and void upon a finding that the application and the municipal corporation's action thereon are not in substantial compliance with this article." But we disagree with the city's contention that it cured the defects so as to render the annexation substantially compliant with the statutory scheme.

As the trial court held, the owners of the other properties adjoining Lovejoy Station's property were never placed on notice that their land was being considered for annexation. And the city's cures were ineffective. There is no indication that the mayor's notice to the county containing information about the adjoining properties

7

was published so as to give those property owners the notice required by OCGA § 36-36-36 (a). Assuming without deciding that the references to other properties at the January 28, 2013, public hearing and the reference to the "Publix Shopping Center" rather than "Lovejoy Station" at the February 11, 2013, public meeting communicated the city's intent to annex more than the Lovejoy Station property, this did not amount to notice of that intention *before* the hearing as the statute require. See OCGA § 36-36-36 (a) ("Notice of the time and place of the hearing shall be given in writing to the persons presenting the application and shall be advertised once a week for two consecutive weeks *immediately preceding the hearing* in a newspaper of general circulation in the municipal corporation and in the area proposed for annexation.") (Emphasis supplied.).

The city also argues, relying on *Bradley Plywood Corp. v. Mayor & Aldermen of Savannah*, 271 Ga. App. 828 (611 SE2d 105) (2005)*,* that the trial court could void the annexation ordinance for lack of notice only if the county proved harm. We reject that contention. In *Bradley Plywood*, the plaintiffs challenged an annexation ordinance, arguing, among other things, that the ordinance was void because they failed to receive timely notice of the city's intent to annex their property. Id. at 830 (2). The trial court rejected the plaintiffs' challenge, holding "the ordinance could be

8

voided for lack of notice only if the plaintiffs could prove harm." Id. We affirmed under the right-for-any-reason principle on the ground that the plaintiffs, in fact, had received timely notice. Id. We did not adopt the trial court's holding that the plaintiffs had to prove harm.

For these reasons, the trial court did not err in granting summary judgment to the county and in declaring the ordinance of annexation null and void.

3. *Trial court's order.*

The city argues that even if the annexation ordinance is procedurally defective, the trial court's order is erroneous because it does not comply with OCGA § 36-36-39 (b)'s requirement that the court frame its judgment to uphold the ordinance. That statute provides in part, "Upon a finding that procedural defects or defects in the plan for service to the annexed area exist, the court, where possible, shall frame a judgment to perfect such defect and uphold the ordinance." OCGA § 36-36-39 (b). But the city does not explain how the court could have framed the judgment to perfect the lack of pre-annexation notice to the adjoining property owners. Given that notice is required before the passage of the annexation ordinance, we do not believe that it was possible both to correct the deficiencies and to uphold the ordinance.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*

9